MERRILL E. RATTAN *et al.*, plaintiffs in error, *v.* CALEB STONE *et al.*, defendants in error.

*Error to Pike.*

Where a summons from the Circuit Court is made returnable to the fourth day of the term, it is not merely voidable, but absolutely void, and should be quashed, on motion, and a final judgment rendered against the plaintiff for costs; but where the Court, upon quashing the writ, continued the cause with an order for an *alias* summons, and such summons was issued: *Held,* that the *alias* summons might be considered as the commencement of a new suit; that the words "as you have been before commanded" in the writ, might be regarded as surplusage, and the writ amended in the Circuit Court, by striking out those words.

It is erroneous to render judgment against two defendants, when process is served on one only.

WM. THOMAS, for the plaintiffs in error, cited Nye *v.* Wright, 2 Scam. 222; Bunn *v.* Thomas *et al.*, 2 Johns. 189; Cramer *v.* Van Alstyn, 9 Johns. 385; Merriweather *et al. v.* Smith *et al.*, 2 Scam. 31; Ogden *v.* Bowen, 2 Scam. 33; Ryder *v.* Alleyn, 2 Scam. 474.

N. D. STRONG and JUNIUS HALL, for the defendants in error, cited Morgan's Ex'rs. *v.* Morgan, 2 Bibb. 390; 2 Pirtle's Dig. 9, § 3.

SEMPLE, Justice, delivered the opinion of the Court:

This was an action of *assumpsit*, brought by John B. Glover and Caleb Stone against Merrill E. Rattan and James Davis, in the Pike Circuit Court. The summons was made returnable to the fourth day of the April term, 1838, and executed on Rattan alone. At the July term, on motion of the defendant's attorney, the Circuit Court ordered the writ to be quashed. The cause was then continued, and an *alias* summons awarded. The *alias* summons

was executed on James Davis; Merrill E. Rattan not found in the county. At the September term, 1838, judgment was rendered against both of the defendants, for the damages assessed by reason of the non-payment of the note sued on, and costs of suit.

The cause was brought up by writ of error. The assignment of error questions the legality of continuing the cause, and ordering an *alias* summons to be issued after the original summons was quashed, and also of entering judgment against both defendants, when only one had been served with process.

This Court is of opinion that as the original summons was made returnable to the fourth day of the term, instead of the first day, as required by the statute, it was void, and not merely voidable. The Circuit Court decided correctly in ordering it to be quashed. But instead of awarding an *alias* summons and continuing the cause, a final judgment ought to have been given against the plaintiffs for costs.

The *alias* summons, however, may be considered as the commencement of a new suit. The words " as you have been before commanded," may be considered as surplusage, and the summons might have been amended in the Circuit Court, by striking out those words. This last summons having been served on one of the defendants only, it was erroneous to enter judgment against both.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*Judgment reversed*