Cherry v. Insurance Company.

W. H. CHERRY v. MISSISSIPPI VALLEY INSURANCE
COMPANY.

1. ALIAS PROCESS. *Issuance of by clerk.* No order of the court is nec-
essary to authorize the clerk to issue *pluries* summons ; the plaintiff is
entitled to same as a matter of right, and the clerk issues same as a
matter of course.

2. DISCONTINUANCE. *Action of court.* The action of the court upon the
question of discontinuance is necessary to terminate a suit.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby
county. J. O. PIERCE, J.

GANTT & PATTERSON for Cherry.

SMITH & COLLIER for Insurance Company.

COOKE, J., delivered the opinion of the court.

On July 22, 1872, the plaintiff in error executed
a note for $2,000, payable to one H. A. Partee six
months after, date, upon which the defendant in error,
as assignee, instituted suit against the plaintiff in error,
in the circuit court of Shelby county, on March 23,
1878. The summons was returned not executed, *alias*
and *pluries* writs were duly issued and returned to each
succeeding term not found, until the January term,
1881, of said court—the regular terms commencing on
the third Mondays in January, May and September.
The last summons was issued December 30, 1880,
tested of the September term, and returned not found,

January 12, 1881. At the January term, 1881, there was a general order of continuance, there having no *pluries* summons issued returnable to the May term, 1881, and that term having passed, at the September term, 1881, on the 8th day of October of that term, an order was entered dismissing said suit, as the record states, for *hiatus*, and judgment rendered against the plaintiff and surety for costs. On May 10, 1882, this suit was instituted in the same court by defendant in error against the plaintiff in error, upon the same note. The third Monday of May, 1881, the commencement of the May term of said court was on the 16th day of that month. There was a plea of the statute of limitations of six years, replication of former suit not determined on its merits, and new action commenced within one year, etc.

It is first insisted for the plaintiff in error, that as there was no order of the court in said former suit directing the clerk to issue *pluries* summons, the same was done without authority, and was void. No special order of the court was necessary to authorize the clerk to issue *alias* process. Section 3466 of the Code entitles the plaintiff to it as a matter of right, and it is issued by the clerk as a matter of course.

It is next insisted that there was no judgment or decree in the former suit, such as is contemplated by section 2755 of the Code, there having been no service of process on the defendant or issue joined in that cause. The judgment of dismissal of said cause was a judicial determination of it, upon matters apparent upon the record, not affecting the merits, and, we

think, was a judgment within the purview of the section of the Code above referred to.

It is next insisted, that in point of fact, the present suit was not begun within twelve months after the termination of the former one, because, as is said, no *pluries* was issued after the commencement of the January term, 1881; the discontinuance dates from that time, and hence more than twelve months had elapsed before the commencement of the present suit.

As we have seen, the right existed to the plaintiff to the issuance of another *pluries* summon until the succeeding May term of the court, which commenced on the 16th of that month, and a *pluries* issued and served five days before that day, would have been returnable to that term of the court, and have kept the suit alive; or, in other words, the right to the issuance of such summons, in said cause, was not forfeited or lost until that time, which was May 11, 1881, and the present suit was brought within twelve months from that date. We think, however, the former suit was not determined until the judgment of dismissal upon October 8, 1881.

While the defendant was entitled to have said suit dismissed upon motion at the May term, 1881, that was a right which he might have waived by appearance and defense to the merits, and hence, the suit was in existence in said court until it went out by the action of the court on that day: *Maynard* v. *Fox*, 2 Cold., 44; *Crockett* v. *Beaty*, 7 Hum., 66; *Pollard* v. *Hulson*, 7 Lea, 689; *Armstrong* v. *Harrison*, 1 Head, 377; *Dougherty* v. *Shown*, 1 Heis., 302.

Cherry *v.* Insurance Company.

It is true, that in *Maxwell* v. *Lea,* 6 Heis., 247, there is a statement of Chief Justice Nicholson, to the effect that the suit was terminated by discontinuace at the close of the term to which the summons was returnable, where no *alias* was issued, but the facts of that case did not raise that question nor require the decision, as the next succeeding term had commenced and the *hiatus* was complete before any action was taken, and did not require the consideration of the questions here presented, as to the continuing right of the plaintiff to the issuance of *alias* process in the cause until the commencement of the succeeding term. All the other cases referred to hold, in effect, that the action of the court upon the question of discontinuance is necessary to terminate the suit.

We think, therefore, on both of the grounds stated, the present suit was commenced within twelve months after the determination of the former suit for the same cause of action, and not on the merits, and consequently the bar of the statute was saved.

There is no error in the record, and the judgment of the circuit court will be affirmed.