57-527

SOPHIA W. DAVIS v. JOHN G. BALLARD ET AL.

FILED JANUARY 4, 1894.    No. 5431.

1. A district court obtains jurisdiction of a transitory action and of the person of the defendant when the defendant was within the county when the petition was filed and summons issued,—the defendant leaving the county, however, before serv-

Davis v. Ballard.

ice, and service having been obtained upon an alias summons issued after his return to the county.

2. **Alias Summons.** For the purpose of determining the jurisdiction of the court in such a case the issuance of the alias summons is to be treated as a recommencement of the action.

3. *Coffman v. Brandhoeffer*, 33 Neb., 279, distinguished.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Talbot & Bryan,* for plaintiff in error:

All civil actions in Nebraska other than proceedings in attachment are commenced with the issuance of the writ of summons which is served on the defendant. The filing of the petition is not the commencement of the action, and although a petition may remain on file before the time of the issuance of an alias summons, yet in law the action must be considered as commenced at the issuance of the summons which is actually served upon the defendant. (*Cropsey v. Wiggenhorn,* 3 Neb., 116; *Baker v. Sloss,* 13 Neb., 231; *Gage County v. Fulton,* 16 Neb., 5.)

It is immaterial when the petition was filed. If it is said that the petition must be refiled at the time of the issuance of each summons, then the court must conclude that the issuance of an alias summons is in law equivalent to the formal matter of refiling the petition. The jurisdiction of the court over the person is obtained by the service of process. (Wells, Jurisdiction, sec. 83; *Johnson v. Jones,* 2 Neb., 136; *Smelt v. Knapp,* 16 Neb., 54; *Frazier v. Miles,* 10 Neb., 113; *Aultman v. Cole,* 16 Neb., 5.)

*Leese & Stewart, contra,* cited: *Coffman v. Brandhoeffer,* 33 Neb., 279; *Carlisle v. Corran,* 2 S. W. Rep. [Tenn.], 26.

IRVINE, C.

On the 10th day of September, 1891, Sophia W. Davis filed her petition in the district court of Lancaster county

against John G. Ballard, Caleb Strickler, the First State
Bank of Bertrand, and James A. Ruby, sheriff, to recover
damages for a wrongful attachment of property alleged to
belong to plaintiff, but to have been seized upon a writ di-
rected against a third person, it being alleged that Ruby,
as sheriff, levied the attachment; that Ballard, as plaintiff,
directed the levy, and that the other defendants rendered
aid and assistance in the act. Upon the same day a sum-
mons was issued, which, upon September 23, was returned
*non est inventus.* Upon the 1st day of March, 1892, an
alias summons was issued which, upon March 3, was re-
turned as having been served upon Ballard March 2; the
other defendants not found. Ballard entered a special ap-
pearance and objected to the jurisdiction of the court, first,
because none of the defendants was present in Lancaster
county at the time of the commencement of the action;
second, because the petition was filed September 10, 1891,
and permitted to remain on file until March 1, 1892, when
the alias summons was issued; third, because the action
was not commenced in the county in which any of the de-
fendants reside or could be summoned. These objections
were sustained and the action dismissed for want of juris-
diction.

The evidence was in the form of affidavits, which are
preserved in the bill of exceptions. The affidavit of John
G. Davis is to the effect that Ballard was in Lancaster
county on the 10th of September, when the petition was
filed and the original summons issued, and that he remained
in that county a few days thereafter, but evaded service;
also, that upon March 1, 1892, Ballard was in the county
before the alias summons was issued and at the time of its
issuance. Ballard's affidavit is that upon September 10,
1891, and for several years prior thereto, he was a resident
of Phelps county, and has ever since resided in that county;
that the other defendants are all residents of Phelps county;
" that none of the defendants have ever been in Lancaster

county since the 10th day of September, 1891, and for a
a long time prior thereto, except this affiant, who was tem-
porarily present in Lancaster county on March 1, 1892."
There was no evidence outside of these two affidavits.

Davis' affidavit is positive in its averment that Ballard
was in Lancaster county upon September 10, when the pe-
tition was filed and original summons issued. Ballard's
affidavit is equivocal and does not deny this. It is true that
he says that none of the defendants have been in Lancaster
county since the 10th day of September and for a long time
prior thereto, but his language seems to be carefully studied
so as not to assert that none were in the county upon the 10th
day of September, and the words "except this affiant" seem
also to be inserted in the place they occupy for the purpose
of still further guarding this point. It must, therefore, be
taken as established that when the petition was filed and
the original summons issued, Ballard was within the
county and might there at that time have been summoned.
Again, it is admitted that Ballard was in the county on the
1st of March, the day the summons was issued, which was
served upon him on the 2d, and it is averred and not de-
nied that he was there on that day at and prior to the time
when the alias summons was issued. These facts take the
case out of the rule in *Coffman v. Brandhoeffer*, 33 Neb.,
279. In that case suit was begun in attachment by the
filing of a petition and the issuance of summons, writ of
attachment, and garnishment process April 3. Upon April
25 the summons was returned not served. Prior thereto
a motion to quash was filed. It appeared that the defend-
ant was not in the county when the summons was issued,
but the plaintiff relied upon proof that it was issued upon
information that the defendant was then *en route* to Doug-
las county, and that plaintiff expected and intended that
the summons would be served before the return day. It
was held that upon these facts the court had no jurisdiction.
Section 60 of the Code, providing that such actions "must

be brought in the county in which the defendant, or some of the defendants, reside or may be summoned," was construed as meaning that the suit, if not instituted in the county where the defendant resides, must be brought in a county where the defendant was at the time the suit was begun, and that the summons must be served upon him while in that county. In other words, it cannot be said that an action is properly begun when a petition is filed and summons issued without the present ability to proceed and serve the summons. To permit a contrary course would allow the plaintiff to select his forum, issue summons after summons, and lie in wait for a chance coming of the defendant. It would open a door to fraud upon the jurisdiction of the court. No such state of affairs exists here and the reasons do not apply. When the petition was filed and the original summons issued, Ballard was in Lancaster county and legally liable to service there. The action was rightfully commenced in Lancaster county, at that time; but aside from that consideration the proceedings of March 1, 1892, amounted to a new commencement of the action at a time when Ballard was in the county, when an action could rightfully be commenced and when as a matter of fact it was proceeded with and service obtained. The mere fact that the petition had remained on file presents no reason for denying the jurisdiction of the court. It is clear that had the same petition been taken and refiled upon March 1, when the alias summons was issued, no question could be raised. The commencement of an action depends not only upon filing a petition, but the issuance of summons. For some purposes it is not deemed commenced until the summons is served, although after service the commencement of a suit may relate back to the date of the summons. In no case is an action, where jurisdiction depends upon actual service, deemed commenced by the mere filing of a petition unaccompanied by the issuance of summons. In order that an action should be com-

menced there must in every case be a petition on file and a summons issued based upon that petition.    Both these essentials existed upon March 1, as soon as the alias summons was issued.    The first summons having proved abortive, the issuance of the alias summons for the purposes of this case must be deemed the commencement of the action, and for the reasons stated we think the learned judge erred in sustaining defendant's objections.    It must be remembered that the only service had was upon Ballard, the plaintiff in the attachment suit.    The acts complained of were tortious in their nature, and Ballard might be sued without joining other tort-feasors.    We are not, therefore to be understood as determining any questions which might arise in consequence of any action taken for the purpose of bringing the sheriff into the case by summons issued to another county and there served upon him.

REVERSED AND REMANDED.