# M. J. Hunter *v.* Morgan May.

*(Nashville,* December Term, 1929.)

Opinion filed March 15, 1930.

JOHN R. COATES, for plaintiff in error.

A. B. CASE, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

In this case an original summons issued on May 24, 1926, requiring the defendant to appear on the first Monday in June to answer the plaintiff in a plea of debt for balance due on a promissory note in the sum of $940.57. At the same time a declaration was filed with a copy attached of the note sued on. This summons was returned "not to be found."

On August 23, 1926, another summons was issued, endorsed on the back as *alias,* but which on the face of it makes no reference to any previous summons. This summons was returnable the first Monday in September, 1926, "not to be found."

The next step appears to have been the issuance of a summons on December 20, 1927. This summons does not on its face, or by endorsement on the back, appear to be an *alias* or *pluries* summons, and it requires the defendant May to appear on the first Monday in January to answer M. J. Hunter "in an action to his damages in the sum of $940.51 and interest." This summons was served on the defendant as follows:

"Executed 12/31/27 by reading this writ to Morgan May and leaving copy of bill."

No defense was made to the suit by the defendant, and on March 10, 1928, an order was entered reciting that the cause was heard on motion for judgment by default against the defendant for failure to plead, which motion was granted, and thereupon judgment was rendered in

favor of the plaintiff and against the defendant, for the amount of the note, with interest and attorneys fees.

Next appearing in the record is a *pluries fieri facias,* issued November 19, 1928, reciting that it was based on a judgment of March 10, 1928, and the return on this execution, although unsigned, indicates that it was levied on the interest of Morgan May in various tracts of land.

The next proceeding in the case, as set forth in the transcript of the record, was the filing of a memorandum opinion by the Circuit Judge on February 20, 1929, wherein the Judge holds, in effect, that the duty to have process issued from term to term, as required by the statute, was mandatory, and that the neglect of the plaintiff to comply with this requirement operated as a legal abandonment and discontinuance of the case, and it could not be revived by a *pluries,* or *alias pluries,* after the discontinuance had occurred; that accordingly all proceedings subsequent to the occurrence of the *hiatus* were void and the court was without jurisdiction to further entertain the suit, or take any action relative thereto. He held, accordingly, that a motion for discontinuance was not necessary, but even if necessary it was not too late to make it subsequent to the issuance and levy of the execution, and he accordingly allowed a motion for discontinuance, and an order was entered reciting that the case was heard on the motion of the defendant to dismiss ''because of *hiatus* in process'' and that the motion was sustained by the court and the case was dismissed and the execution quashed, ''and the levy of same is hereby nullified and held void.'' From this order the plaintiff has appealed to this Court.

The contention of the appellant is that, although a right accrued to the defendant to make a motion for a discontinuance by reason of the admitted failure of the

plaintiff to keep the case alive by issuance of *alias* process from term to term, the case was not in fact out of court until such a motion was duly made and an order entered thereon; that until such action was taken the court had control of the case and the issuance of the subsequent summons was not void; and that the defendant by failing to appear when served with summons waived his right to object thereto on account of the discontinuance. On the other hand, the contention of the defendant, which as has been seen, was sustained by the Circuit Judge, is that the failure to keep the case alive by the issuance of process from term to term operated *ipso facto* as an abandonment and termination of the case without any action of the court, and that the issuance of the summons of December 29, 1927, after the discontinuance had taken place, was void and conferred no jurisdiction in the court over the defendant, and that the judgment rendered in the case was void.

As a general rule, notice of an intention to move for dismissal of an action should be given, and there must be a hearing on the motion, and entry of an order or judgment by the court is ordinarily required in order to make the dismissal effective. 9 R. C. L., p. 207, Sec. 26.

In 6 Ency. Pl. & Prac., p. 872, it is said:

"The general rule requiring leave and order of court of course applies even more strongly to a dismissal or discontinuance on the initiative of the defendant, which is not effective until a motion has been duly made and granted by the court and the order entered thereon."

In support of this rule there is cited the case of *Cherry* v. *Ins. Co.*, 16 Lea, 292, in which the court said:

"While the defendant was entitled to have said suit dismissed upon motion at the May term, 1881, that was

a right which he might have waived by appearance and defense to the merits, and hence the suit was in existence in said court until it went out by the action of the court on that day."

The court refers to and distinguishes the case of *Maxwell* v. *Lee,* 6 Heisk., 247, and then says:

"All the other cases referred to hold, in effect, that the action of the court upon the question of discontinuance is necessary to terminate the suit."

A number of other Tennessee cases are cited in the opinion which appear to sustain the holding of the court.

■ This rule is in accordance with the well settled general principle that any objection to service of process will be waived unless made promptly. 32 Cyc., p. 527, *et seq.* And even defective process or service may be sufficient to constitute legal notice of a suit and support a judgment. 33 C. J., p. 1080, and numerous cases cited.

In *Mass., etc., Asso.* v. *Lohmiller,* 74 Fed., 23, the court said:

"If it be conceded that the complainant was not properly served, and that the judgment was voidable or even void that condition is not of itself sufficient to warrant interference; but an equity must be presented aside from that bare circumstance, showing that the injured party was without knowledge, was taken by surprise, and had no opportunity in fact to obtain a hearing."

While the language quoted was used with reference to the right of a defendant to attack a judgment by bill in equity, the same principle would seem to apply where, as in the case at bar, a defendant, after being served with summons requiring him to appear and make defense in a court having jurisdiction of the subject-matter, and who has been served at the same time with a copy of the com-

plaint on which the action is based, fails to appear or make any defense until after judgment has been rendered and execution issued and levied on his property.

In the case of *Jones* v. *Cloud,* 4 Cold., 236, the facts were that the original summons against four defendants was issued returnable to the September term, 1865, and was duly executed. At the return term the plaintiff dismissed the suit as to one of the defendants and obtained leave of the court to make one William Jones a party defendant. At the January term, 1866, an affidavit was filed by the plaintiff to the effect that William Jones had absconded or concealed himself, etc., and attachment was prayed for against his property and the same day the attachment was issued and levied on certain real estate belonging to Jones. At the May term, 1866, plaintiff dismissed the suit as to all of the other original defendants, except one, and declaration was filed against this defendant and William Jones. Thereafter, at the January term, 1867, the suit was dismissed as against the only remaining original defendant and judgment was taken by default against William Jones. A writ of inquiry of damages was awarded but before it was executed an affidavit was filed on which the court was asked to set aside the judgment by default and allow defense to the action. The court sustained the motion, holding in effect that the order of the court granting leave to the plaintiff to make William Jones a party defendant was the commencement of the suit as against him and imposed upon the plaintiff the necessity without delay of obtaining supplemental process to bring him before the court "which he must continue from term to term with the same regularity that would have been required of him in case of an original summons; otherwise his suit as to such additional de-

fendant will be discontinued." The court said, therefore, that the attachment which showed upon its face that it was issued in the original case was issued against Jones *when he was no party to the action* and without an order of the court having vitality to make him a party defendant. In this case it will be seen that Jones was never served with process, and the action of the court was based on the ground that the attachment against his property was invalid and unauthorized.

In *Maxwell* v. *Lee,* 6 Heisk., 247, suit was brought against one Smith, returnable to the June term, 1865. It was returned "not to be found," and no *alias* was issued at the return term, and Smith died before the next term, which was held in October, 1865. At the October term a *scire facias* was issued against Maxwell, Smith's administrator, requiring him to appear and show cause why the suit pending against Smith should not be revived against Maxwell as administrator; and at the June term, 1866, the *scire facias* having been served, the suit was revived against Maxwell. Declaration was filed and subsequently judgment by default was taken against Maxwell as administrator of Smith. In this case the Court held that because of the failure of the plaintiff to obtain *alias* process against Smith at the June term, 1865, the cause was discontinued, and therefore there was no case pending against Smith at the October term, 1865, when *scire facias* was ordered.

The court said: "At the time the *scire facias* was ordered to notify Maxwell there was no cause pending against the intestate, Smith. His failure to appear and plead to the *scire facias* the fact that there was no suit pending against his intestate can have no effect for the reason that the *scire facias* itself was a nullity."

This case was no doubt correctly decided on its facts. Unless the intestate had been brought before the court before his death there was no authority for the issuance of *scire facias* against his administrator; the remedy of the plaintiff was to bring a new suit against the administrator in his representative capacity.

Moreover, this court, in the case of *Cherry* v. *Ins. Co., supra,* criticised the statement in the opinion of *Maxwell* v. *Lee* to the effect that the suit therein involved was terminated by discontinuance at the close of the term to which the summons was returnable where no *alias* was issued, on the ground that the facts of that case did not raise that question, nor require the decision.

The rule thus appears to be that, while the neglect of a plaintiff to keep a case alive by issuance of process from term to term until actual service on the defendant operates to give the defendant the right to the entry of an order of discontinuance and dismissal of the case, the case is nevertheless not out of court until such action is taken. But, where plaintiff fails to have *alias* and *pluries* process issued from term to term, the commencement of the action will be related to the date of the new process, notwithstanding it purports to be an *alias,* so that all defenses, such as the statute of limitations, will be equally available as in case of a wholly new action. 1 C. J., p. 1154; *Axtell* v. *Gibbs,* 5 Mich., 639; *Battle* v. *Baird,* 118 N. C., 854; *Davis* v. *Ballard,* 38 Neb., 834; *Patton* v. *Stone,* 4 Ill., 540.

However, aside from the foregoing, it would seem that the judgment against the defendant in this case might well be sustained as in effect an original suit, without any reference whatever to the proceedings which took place prior to the issuance of the summons of De-

cember 20, 1927. This last summons does not even purport to be an *alias;* and, as shown by the return of the Sheriff, he not only read the summons to the defendant, but he left with him what he refers to in his return as "copy of bill." It would seem evident from the face of this return that the sheriff, in addition to summoning the defendant to appear and answer the plaintiff "in an action to his damage in the sum of $940.51 and interest," also delivered to the defendant a copy of the declaration filed at the time the first summons was issued, which declaration fully set forth the plaintiff's cause of action and was accompanied with a copy of the note sued on.

Even if it should be conceded, therefore, that the original summons and all proceedings in the case prior to the issuance of the summons of December 20, 1927, had been entirely abandoned and terminated there would seem to be no reason why the judgment against the defendant would not be fully sustained by the summons of December 20, 1927, duly served on the defendant, accompanied as it was by a copy of the declaration setting forth the plaintiff's claim.

It is hardly necessary to cite authorities on the proposition that every intendment will be indulged in favor of the correctness of a judgment of a court of general jurisdiction; especially where it appears that the defendant was duly served with process and failed to make any defense as to the suit.

The case having proceeded to final judgment in the Circuit Court and execution having issued and been levied, the judgment quashing the levy and dismissing the suit will be reversed and the case remanded for further proceedings under said execution and levy.