BIRDIE BRYANT *v.* A. G. MULDER.

(*Nashville,* December Term, 1931.)

Opinion filed January 23, 1932.

W. Chapman Dewey, for plaintiff in error.

W. L. Terry, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

The circuit court sustained a plea of the statute of limitations of one year to the plaintiff's declaration for damages for personal injuries, and plaintiff has appealed in error.

The accident and resulting injuries on which the action is grounded occurred on March 5, 1929. The present action was commenced by summons on July 3, 1930. To avoid the statute of limitations, the declaration avers:

"Plaintiff, Birdie Bryant, states that she did on the fifth day of September, 1929, file in this Court a similar suit against the same defendant, A. G. Mulder, and based upon the same facts and circumstances as this suit and that a summons was issued in said suit and was duly returned unto the Circuit Court of Shelby County, Tennessee, by the Sheriff on September 14, 1929, said return of the Sheriff, stating that after diligent search and inquiry, A. G. Mulder was not to be found. Plaintiff, Birdie Bryant, states that there was no *alias* process issued from term to term and that now under section 4445 of Shannon's Annotated Code of Tennessee she brings this suit within one year after the failure to execute the summons sued out in the first suit heretofore filed in this Court."

On the day the summons in the present suit was issued (July 3, 1930) the plaintiff caused an order of voluntary nonsuit to be entered in the original suit.

Section 4445 of Shannon's Code (Code of 1858, section 2754) provides: "The suing out of a summons is the commencement of an action, within the meaning of this chapter (The chapter is entitled 'Of the Limitation of Actions,' and contains the limitation pleaded by defendant), whether it be executed or not, if the action is duly prosecuted and continued by the issuance of *alias* process from term to term, or recommenced within one year after the failure to execute."

The clear and necessary import of this section is that an action is saved from the bar of the statutes of

limitation, if summons is issued within the time permitted, whether executed on the defendant or not; provided the suit (1) is kept active by the issuance of *alias* process from term to term, or (2) is recommenced within one year after the failure to execute. The saving of an action recommenced within one year from the failure to execute summons, originally sued out in time, is thus accomplished by section 4445, without the aid of section 4446, which saves to a plaintiff the right to institute a new suit in certain specified circumstances.

The issuance of a new summons on the same cause of action, within one year from the date of the failure to execute the first, is the recommencement of the action, and is thus within the express terms of the section. We have not been referred to any case construing section 4445 of Shannon's Code, with regard to the form in which an action may be recommenced, following a failure to execute process and the absence of *alias* process; but we can conceive of no more reasonable method of recommencing the action than that pursued by plaintiff herein: the suing out of an original summons, and the filing of a declaration reciting the issuance of an earlier summons and the failure to execute within one year.

In *Hunter* v. *May*, 161 Tenn., 155, 163, dealing with an action on which new process was issued after the lapse of several terms following the failure to execute, we said: "But, where plaintiff fails to have *alias* and *pluries* process issued from term to term, the commencement of the action will be related to the date of the new process, notwithstanding it purports to be an *alias*, so that all defenses, such as the statute of limitations, will be equally available as in case of a wholly new action." The question there involved was only the jurisdiction of the

court to issue the new process, and there was no plea of the statute of limitations. The language quoted seems undoubtedly sound as a general rule, but section 4445 of Shannon's Code is an exception to this general rule, to be applied when the new process is issued within one year from the failure to execute the earlier process. The court did not have this code section under consideration in using the language quoted.

The action of plaintiff in taking a voluntary nonsuit of her first writ was proper, notwithstanding the previous *hiatus* in the issuance of process from term to term. *Walker* v. *Vandiver*, 133 Tenn., 423, contains an expression of the Court that a former action was "out of court" as the result of *hiatus* in the issuance of process, but the Court had ruled otherwise in *Cherry* v. *Insurance Company*, 84 Tenn. 292, and the ruling in that case was followed in *Hunter* v. *May, supra*, holding that, notwithstanding the *hiatus*, the case was not out of court until the entry of an order of dismissal.

Section 4445, as well as section 4446, must be given a liberal construction. "The statute is remedial and should be liberally construed in furtherance of its purpose." *Railroad* v. *Bolton*, 134 Tenn. 447. The entry of a formal order of dismissal of the prior writ does not, therefore, militate against the conclusion that the summons issued on the same day was a recommencement of the original suit, within the meaning and application of section 4445.

The judgment of the circuit court sustaining defendant's plea of the statute of limitations will be reversed, and the case remanded for further proceedings. Defendant will pay the costs of the appeal in error.