**Ronald REEVES, Appellant,**

**v.**

**Esteline B. THOMPSON and Chester O. Thompson, Appellees.**

Supreme Court of Tennessee.

Feb. 5, 1973.

Joseph L. Lackey, Sr., Nashville, for appellant.

Aubrey Harwell, Nashville, for appellees.

## OPINION

JOHN W. WILSON, Special Justice.

The parties will be designated as below; Ronald Reeves as plaintiff and Esteline B. Thompson and Chester O. Thompson as defendants. The plaintiff filed this action in the Circuit Court of Davidson County, Tennessee, on the 7th day of January, 1972, seeking damages from the defendants, allegedly resulting from the negligence of the defendant Esteline B. Thompson, while driving an automobile owned by her husband, Chester O. Thompson.

It was alleged in the complaint filed simultaneously with the summons that the suit was filed by the plaintiff within one year's time from the dismissal of a former action filed by the plaintiff, not concluded on its merits.

The former suit filed by the plaintiff in the Circuit Court of Davidson County, Tennessee, is identified by Docket No. B–5549, in which an order of nonsuit was entered on February 24, 1972.

On February 18, 1972, the defendants filed an answer in this cause, setting up a number of defenses, among which defenses we quote from the answer, as follows:

"9. Say that this cause of action is barred by the statute of limitations in that the complaint indicates that the accident arose on November 14,

1969; suit was filed in this Court under Docket No. B–5549 on November 12, 1970, and although there was no execution of the summons, alias process was not issued from term to term and the action was not recommenced within one year after failure to execute, thereby barring this suit.

10. Defendants further state that as Davidson County Circuit Court No. B–5549 has not been dismissed or non-suited but is still pending, the cause of action is barred and should be dismissed as a result of prior suit pending for the same cause of action."

Thereafter, on March 20, 1972, the defendant filed a motion for summary judgment for dismissal of this action on the ground it was barred by the statute of limitation of one year, the affidavit of the Clerk of the Circuit Court of Davidson County being offered as an exhibit to the motion. The trial court heard this motion on March 24, 1972, and on March 30, 1972, an order was entered sustaining the motion for summary judgment and dismissing the plaintiff's action on the ground it was barred by the statute of limitation of one year.

The plaintiff excepted and prayed an appeal, which was granted to the Court of Appeals of the Middle District of Tennessee. We observe, however, that the appeal bond filed in the cause was conditioned to abide by the judgment of the Supreme Court.

The order sustaining the motion for summary judgment is as follows:

"This cause came on to be heard on the 24th day of March, 1972, before the Honorable John Uhlian, Judge, on the defendant's motion for a summary judgment, alleging the statute of limitations barred the action, exhibit to the motion, statement of counsel, from all of which the Court is of the opinion that this action is barred by the statute of limita-

tions and that, accordingly, the case should be dismissed.

Accordingly, it is ORDERED that this case be and the same is hereby dismissed, with the costs taxed to the plaintiff, for which execution may issue if necessary.

To the foregoing action of the Court the plaintiff duly excepted, prayed, and is granted an appeal to the Court of Appeals for the Middle District of Tennessee."

We notice in the transcript the following stipulation of facts:

"The parties stipulate the following facts:

1. The September, 1970 term of Court commenced on September 14, 1970 and ended January 10, 1971.

2. The January, 1971 term of Court commenced on January 11, 1971.

3. On February 24, 1972 the plaintiff entered a voluntary non-suit in Case No. B–5549 in the Circuit Court of Davidson County, Tennessee.

4. The record in Case No. B–5549 in the Circuit Court of Davidson County, Tennessee may be made a part of the record for the appeal in this case.

*This stipulation was submitted by counsel on April 25, 1972 after the case had been heard & decided by me.*

/s/  JOHN L. UHLIAN

JOHN UHLIAN, Judge

Enter This 25th Day of April, 1972."

(The part which is underscored is in the handwriting of the trial judge.)

It will be observed that the stipulation appearing immediately above was signed by the trial judge on April 25, 1972, and the court inserted in the body of the order, in his own handwriting, that "This stipulation was submitted by counsel on April 25, 1972 after the case had been heard & decided by me."

■ If this stipulation presents any new fact which was not presented to the court at the time it heard the motion, or for which the court was not charged with knowledge of, then this Court cannot give any consideration to the stipulation, for the trial court cannot be charged with error for something which was not before him at the time he heard the motion for summary judgment.

It is noted from the order sustaining the motion for summary judgment, which is copied hereinabove, that the court had before it the "exhibit to the motion, statement of counsel." The exhibit to the motion was the affidavit of the Clerk, but, what the statement of counsel was we have no way of knowing. In substance, the affidavit of the Clerk of the Circuit Court of Davidson County, Tennessee, that a review of the records of his office indicated that on November 12, 1970, a summons issued in Case No. B–5549, styled Ronald W. Reeves vs. Esteline B. Thompson and Chester O. Thompson, directed the Sheriff to summon the named defendants to appear before the Judges of the Circuit Courts, Tenth Judicial Circuit, Davidson County, on the first Monday of December next, to answer Ronald W. Reeves in an action for personal injuries by reason of negligence in operating an automobile at the intersection of 42nd Avenue and Utah Avenue, on November 14, 1969. That further review of his record indicated a return of "Not to be found" was made on November 16, 1970. That a further review of records indicated an alias was issued on January 7, 1972, and was returned on January 10, 1972, "Not to be found in my County." Further review of the records of his office indicated that a lawsuit styled Ronald Reeves vs. Esteline B. Thompson and Chester O. Thompson was filed under Docket No. B–7934 and summons issued on January 7, 1972.

The only assignment of error is that the trial court erred in sustaining the defendant's motion for summary judgment.

The defendants rely upon T.C.A. § 28–304 and T.C.A. § 28–105.

T.C.A. § 28–304 provides as follows:

"Actions . . . for injuries to the person . . . shall be commenced within one (1) year after cause of action accrued."

T.C.A. § 28–105 provides as follows:

"The suing out of a summons is the commencement of an action, within the meaning of this title, whether it be executed or not, if the action is duly prosecuted and continued by the issuance of alias process from term to term, or recommenced within one (1) year after the failure to execute."

In the case of Bryant v. Mulder (1932) 163 Tenn. 600, 45 S.W.2d 48, which was commenced by summons on July 3, 1930, seeking damages for personal injuries occurring on March 5, 1929, the plaintiff, to avoid the statute of limitations, averred that on the fifth day of September, 1929, she filed in the Circuit Court of Shelby County an action against the same defendants and based upon the same facts and that the summons issued therein was returned by the Sheriff, "Not to be found", on September 14, 1929; that there was no alias process issued from term to term and that she brought the action under Sec. 4445 of Shannon's Annotated Code of Tennessee (T.C.A. § 28–105) within one year after the failure to execute the summons. The plaintiff, on the same day the second suit was instituted, entered a nonsuit on the first action. The trial court sustained a plea of the statute of limitations but on appeal the Supreme Court reversed, holding that, since the new process was issued on July 3, 1930, the action was not barred by the statute of limitation.

In the instant case it appears from the affidavit of the Clerk that the summons in the first action was issued on November 12, 1970, and the "Not to be found" return made on November 16, 1970; that an alias summons was issued on January 7, 1972, and was returned on January 10, 1972, noted "Not to be found in my County"; that the instant action before the Court was filed under Docket No. B–7934 and summons issued on January 7, 1972, so it appears that the first action, Docket No. B–5549, remained dormant from November 16, 1970 until January 7, 1972, on which date an alias summons was issued, which was the date the present action was filed. Cause No. B–5549 was nonsuited on February 24, 1972.

In the brief of plaintiff it is called to our attention that in the case of Bryant v. Mulder, supra, the Supreme Court cited and approved the language quoted below from Hunter v. May (1930) 161 Tenn. 155, 25 S.W.2d 580, as follows:

"In Hunter v. May, 161 Tenn. 155, 163, 25 S.W.2d 580, 582, dealing with an action on which new process was issued after the lapse of several terms following the failure to execute, we said: 'But where plaintiff fails to have alias and pluries process issued from term to term, the commencement of the action will be related to the date of the new process, notwithstanding it purports to be an alias, so that all defenses, such as the statute of limitations, will be equally available as in case of a wholly new action.'

"The action of plaintiff in taking a voluntary nonsuit of her first writ was proper, notwithstanding the previous hiatus in the issuance of process from term to term. Walker v. Vandiver, 133 Tenn. 423, 181 S.W. 310, contains an expression of the court that a former action was 'out of court' as the result of a hiatus in the issuance of process, but the court had ruled otherwise in Cherry v. Mississippi Val. Insurance Co., 16 Lea (84 Tenn.) 292, and the ruling in that case was followed in Hunter v. May,

supra, holding that, notwithstanding the hiatus, the case was not out of court until the entry of an order of dismissal."

The defendants call to our attention that the plaintiff omitted from the first quoted paragraph, the following:

"The question there involved was only the jurisdiction of the court to issue the new process, and there was no plea of the statute of limitations. The language quoted seems undoubtedly sound as a general rule, but section 4445 of Shannon's Code is an exception to this general rule, to be applied when the new process is issued within one year from the failure to execute the earlier process. The court did not have this Code section under consideration in using the language quoted."

In Bryant v. Mulder, supra, the Court, in the course of its opinion, said this:

"Section 4445 of Shannon's Code (Code of 1858, section 2754) provides: . . .

(1) The clear and necessary import of this section is that an action is saved from the bar of the statutes of limitation, if summons is issued within the time permitted, whether executed on the defendant or not; provided the suit (1) is kept active by the issuance of *alias* process from term to term, or (2) is recommended within one year after the failure to execute. . . . "

In Fowler v. Herman (1956) 200 Tenn. 201, 292 S.W.2d 11, this Court held that, pursuant to T.C.A. § 28–105, the plaintiff's action was saved from the bar of the statute of limitations as noted within one year from the failure to execute the leading summons, citing Bryant v. Mulder, supra.

Plaintiff can gain nothing from the fact that the new suit was filed within one year

of the expiration of the September Term, 1970, for the above authorities point out the statute of limitation may be avoided by recommencement by the issuance of a new summons on the same cause of action within one year from the date of failure to execute the first.

■ So, it appearing that the first action was not duly prosecuted and continued by the issuance of alias process, from term to term, or recommenced within one year after the failure to execute, we are of the opinion that the trial court was correct in sustaining the motion for summary judgment and dismissing the action.

■ Hereinabove, we referred to the stipulation of fact filed after the cause had been disposed of by the trial court, but find nothing therein which would change the conclusion we have reached. The trial court was charged with knowledge of the Terms of his Court. The stipulation provides that the record in cause No. B–5549 be made a part of the record and it appears that only the two summonses in case No. B–5549 are included in the record, the first issued November 12, 1970, and the second issued January 7, 1972, each showing the return of the Sheriff.

■ The trial court would not be charged with knowledge of the Sheriff's return but, since the same information was contained in the affidavit of the Clerk which was before the court upon hearing the motion for summary judgment, no harm has been done. The judgment of the lower court is affirmed, the costs assessed against the plaintiff.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.