STATE *v.* RAWLINGS *et al.*

STATE *v.* RAWLSTON *et al.*

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

GOINS & GAMMON, of Chattanooga, for complainant.

W. D. MOON, of Chattanooga, for defendants.

MR. JUSTICE ₐCHAMBLISS delivered the opinion of the Court.

These are two suits brought in the chancery court for taxes, in "omnibus bill" form. In both suits, respectively brought in 1928 and 1929, to collect taxes for 1926 and 1927, Fred Reed was named as one of the defendants, but the process issued was not served on him. No *alias* was issued in the first case. In the second case, *alias* was issued in 1934, but was not served. July 25, 1935, Reed appeared and filed demurrers to both bills alleging the long delay and failure to serve defendant and invoking the bar of the six-year statute of limitations (Code 1932, section 8600) and abatement by abandonment. The chancellor sustained these demurrers, but this court reversed, holding that a demurrer must be related to the facts shown by the bill as of its filing.

Upon remand Reed filed pleas setting up that the cause of action "accrued more than six years before this defendant was served with process in this case, and more than six years before he made defense"; also, that no *alias* or *pluries* process had been issued from term to term, or at all within the six years during which the suit had been pending.

The chancellor sustained these pleas and dismissed the suits as to Reed because barred by the six-year statute. His reasons are thus stated in his memorandum opinion:

"The Court is of the opinion that because of the *hiatus* in the issuance of process the commencement [of the suits] will be related to the date of the filing of the demurrers, which was equivalent to the entrance of appearance.

"The Court is driven to this conclusion by the holding

in the case of *Hunter* v. *May*, 161 Tenn., 155, 163, 25 S. W. (2d), 580, 582, which is as follows:

" 'The rule thus appears to be that, while the neglect of a plaintiff to keep a case alive by issuance of process from term to term until actual service on the defendant operates to give the defendant the right to the entry of an order of discontinuance and dismissal of the case, the case is nevertheless not out of court until such action is taken. But where plaintiff fails to have *alias* and *pluries* process issued from term to term, the commencement of the action will be related to the date of the new process, notwithstanding it purports to be an *alias*, so that all defenses, such as the statute of limitations, will be equally available as in case of a wholly new action.' "

From his decree the State has again appealed.

In *Hunter* v. *May, supra*, and in other cases cited for appellee Reed, this court was dealing with actions at law and not suits in chancery, a difference in descriptive phraseology which Mr. Gibson emphasizes, and in the same paragraph he notes a distinction particularly pertinent here when he says: "In a Court of law an action is begun by filing a bond for costs and suing out a summons, but in a Court of Chancery a suit is commenced by filing a bill," etc. And in Williams Code, the first annotation under Code, section 8571 (Shannon's 4445), subheaded "Commencement of an action," etc., reads, "How suits commenced in Courts of Chancery, see Section 10389," this being the section which prescribes that "suits are commenced in the Court of Chancery by bill," etc.

The statutory requirement that the action shall be "duly prosecuted and continued by the issuance of *alias* process from term to term" (section 8571) is not only not applicable by express reference to suits in chancery, but

this court has directly adjudged that this provision is limited to actions at law. In *Litton* v. *Armstead*, 9 Baxt. (68 Tenn.), 514, where a bill had been dismissed because several terms of court had intervened after the return of the original subpoena to answer, before other process was issued to bring in one of the defendants, DEADERICK, C. J., said: ''This is a good ground of discontinuance at law, but not as to a bill in equity.'' And years later, in *Collins* v. *Insurance Co.*, 91 Tenn., 432, 19 S. W., 525, it was not only directly laid down that a suit in chancery is commenced by the filing of the bill, and in such sense that the running of the statute of limitations is thereby arrested, but it was also held that a delay of three years in issuance of process did not operate as an abandonment. We think the implication from these cases is conclusive that (1) the filing of the bill tolls the statute and that (2) this suspension of the running of the statute continues to apply despite omission of the issuance and service of process.

It is not intended to suggest that a suit in chancery is in no case subject to abatement and dismissal for failure to prosecute or for abandonment. Provision is made by statute (1932 Code, section 10470 et sequi), for steps to be taken to speed a cause and pertinent cases will be found in the annotations under these sections in Williams' Code. *State* v. *McPhail*, 156 Tenn., 459, 2 S. W. (2d), 413, discusses the rights of a party defendant in a suit like this for taxes. In that case, as in this, process issued upon the filing of the bill had been returned not executed on the defendant, and after a failure to take further steps for five and a half years the chancellor, on motion of this unserved defendant, dismissed the bill for laches. But this court reversed, holding that the facts ap-

pearing did not justify this action, calling attention to the statutory remedy above noted, and citing Gibson's Suits, section 750, subsec. 5. This issue of laches or abandonment is not now directly before us. We have here only the plea of the statute of limitations. This we are unable to sustain on the grounds above stated, and the decree must be reversed and the cause remanded.