HOOVER LINES, Inc., v. WHITAKER.—120 S. W. (2d) 983.

Eastern Section. May 20, 1938.

Petition for Certiorari denied by Supreme Coiurt, October 15, 1938.

J. H. Hodges, of Knoxville, for plaintiff in error.

Hartman & Hartman, of Knoxville, and Frank Berry, of Greeneville, for defendant in error.

McAMIS, J. B. A. Whitaker, a citizen and resident of Greene County, instituted this suit in the Second Circuit Court of Knox County on January 13, 1937, against the Hoover Lines, Inc., to recover damages for personal injuries. The case was tried to a jury which found in favor of the plaintiff and against the defendant and assessed plaintiff's damages at $4,000. Its motion for a new trial being overruled, the defendant below, Hoover Lines, Inc., has appealed in error to this court and assigned errors.

Plaintiff was injured on October 4, 1935, when a truck owned by the Hoover Lines, Inc., and operated by one of its agents within the course and scope of his employment, crashed into the rear of his wagon as he was in the act of driving over a concrete bridge on U. S. Highway 11-E about two miles east of the Town of Greeneville in Greene County, Tennessee. At the time of the accident plaintiff was driving his team and wagon westwardly and was being overtaken by the truck. The first assignment of error is that there is no evidence of negligence on the part of the truck driver to support a finding of negligence by the jury proximately resulting in plaintiff's injuries.

The highway east of the bridge is on a gradual curve to the right and slightly down grade. There is a slight incline west of the bridge but the road is practically straight for a considerable distance. When the truck driver going west came around the curve, he saw plaintiff's wagon near the bridge. He says that he first saw the wagon when about two hundred yards east of the bridge and also saw a car approaching the bridge from the west. Thinking he had sufficient time to pass the wagon before meeting the car approaching form the west, he did not slacken his speed until he got within a short distance of the wagon. He then observed that he would not have time to pass the wagon before meeting the car and pulled his truck sharply to the right striking the bridge first and then crashing into plaintiff's wagon. Plaintiff was thrown forward and sustained the injuries for which he sues.

The only excuse offered by the truck driver for colliding with the wagon was that he misjudged the speed of the approaching car and was forced to pull to the right and against the rear of plaintiff's wagon in order to avoid a head-on collision. He testified that the car was going fifty-five or sixty miles per hour when it passed on the bridge. There is proof that the driver of the car sounded his horn as he approached the bridge evidently because the truck was on his side of the highway. The truck driver admits that he did not apply his brakes until he was close to the wagon.

The proof shows that U. S. Highway 11-E is an improved thoroughfare built for speed and we think the jury warranted in finding that the truck driver should have been on guard for cars traveling fifty-five or sixty miles per hour and under the circumstances was guilty of negligence in attempting to pass plaintiff after seeing the approaching car. It is not claimed that either plaintiff or the driver of the approaching car were guilty of negligence and the only inference is that the truck driver did not have the truck under safe control and that his negligence was the proximate cause of plaintiff's injuries. We think this question was properly submitted to the jury and the first assignment of error must be overruled.

The remaining assignments of error relate to defendant's plea of the statute of limitations of one year. Code 1932, section 8572.

The declaration avers, and the proof shows, that plaintiff instituted a suit against defendant in the Circuit Court of Greene County on September 14, 1936, based upon the same facts and circumstances and that a summons was issued by the Circuit Court Clerk of Greene County on the same date. The Sheriff of Greene County, on September 18, 1936, made his return reciting that search was made for the defendant but that it was not to be found in the County. At the October 1936 term of the Circuit Court for Greene County, not having been able to obtain service of process upon defendant, plaintiff took a voluntary non-suit and instituted this action in the Second Circuit Court of Knox County on January 13, 1937.

The defendant filed a plea of the general issue and also two special pleas of the statute of limitations. By the first of these pleas it averred that no suit was commenced against it in the Circuit Court of Greene County, Tennessee, on the 14th day of September 1936 nor at any other time within twelve months from the date of the alleged cause of action, to-wit: October 4, 1935, and that plaintiff's cause of action was, therefore, barred at the time of the institution of this suit.

By the second special plea it was averred that defendant had no officer, agent or other person upon whom service of process could be had in Greene County, Tennessee, after October 4, 1935, and that

no suit could have been commenced "in good faith" in Greene County, Tennessee, as alleged in the declaration, and, therefore, no action was commenced within the meaning of the statutes of the State of Tennessee within one year after the cause of action accrued. As will hereafter appear, the second special plea was, upon motion of plaintiff, stricken and this action is made the basis of one of the assignments of error to be hereafter considered.

Mr. Frank Berry, one of plaintiff's attorneys and a member of the Greeneville bar, testified that he was employed by plaintiff to represent him in the matter of his claim against defendant; that, after some negotiation with defendant's attorney, he caused a summons to be issued for defendant from the Circuit Court of Greene County on September 14, 1936; that the summons was issued in duplicate, one copy being mailed to defendant's attorney with the request that he accept service and the other placed in the hands of one of the deputy sheriffs of Greene County for service; that when this process was issued various freight lines maintained a freight depot and freight agent in Greeneville and he thought process could be served upon the freight agent but later learned that defendant's trucks did not stop in Greeneville to pick up or unload freight and that the freight agent was not the agent of defendant.

Mr. Berry further testified that he personally directed the deputy sheriff to make a search for the defendant and assisted him in making out the return showing that defendant was not to be found in Greene County. He was unable to recall the date he filled out the return but, as already indicated, the return shows that it was made out on September 18, 1936. He denied, on cross-examination, that he filled out the return and procured the deputy sheriff to sign it without making search for defendant.

It does not appear what was done with the summons bearing the return of the deputy sheriff after September 18, 1936. Mr. Hodges, attorney for defendant, testified that he examined the court files in the office of the Circuit Court Clerk of Greene County every two weeks between September 22, 1936, and December, 1936, and that the summons was not in the file on any of these occasions. From this it is argued that the summons was not placed in the hands of an officer for service until after October 4, 1936, when the suit became barred by the statute of limitations of one year. It is insisted that the statute is not tolled by the mere issuance of a summons but that the summons must also be placed in the hands of an officer for the bona fide purpose of having it served upon the defendant. The case of East Tennessee Coal Company v. Daniel, 100 Tenn. 65, 42 S. W. 1062, is relied upon to support this insistence.

Section 8571 of the Code provides that the suing out of a summons is the commencement of an action whether it be executed or not, if the action is duly prosecuted and continued by the issu-

ance of alias process from term to term, or recommenced within one year after the failure to execute.

"The clear and necessary import of this section is that an action is saved from the bar of the statutes of limitation, if summons is issued within the time permitted, whether executed on the defendant or not; provided the suit (1) is kept active by the issuance of alias process from term to term, or (2) is recommenced within one year after the failure to execute. The saving on an action recommenced within one year from the failure to execute summons, originally sued out in time, is thus accomplished by section 4445 [8571, 1932 Code], without the aid of section 4446 [8572] which saves to a plaintiff the right to institute a new suit in certain specified circumstances." Bryant v. Mulder, 163 Tenn. 600, 602, 45 S. W. (2d) 48. See, also, State v. Rawlings et al., 170 Tenn. 577, 98 S. W. (2d) 95.

Section 8572 governs the right of a plaintiff to institute a new action where the suit is commenced within the time limited by statute, but the judgment or decree is rendered against plaintiff upon any ground not concluding his right of action. In this case plaintiff's suit in the Circuit Court of Greene County was dismissed by voluntary non-suit, a method not concluding his right of action, and Section 8572, as construed by the courts, controls his right to maintain the present action notwithstanding the lapse of more than one year following the accrual of his cause of action.

In East Tennessee Coal Company v. Daniel, supra, relied upon by defendant, Code Section 8572 was involved and it was held that a right of action is not saved from the bar of the statute where, before it was barred, the plaintiff obtained the issuance of an original summons, which was delivered to his attorney, but never placed in the hands of an officer. It was held that the first action was not "commenced" within the meaning of this section of the Code and that the plaintiff could not dismiss the first suit for want of service of process, and thereafter, within twelve months, bring a new suit. The substance and effect of the holding in that case is that the plaintiff cannot, after withholding process from the hands of an officer until after his cause of action has become barred, thereby preventing service of process within the period of limitation, claim the right to institute a new action under the saving provisions of the statute.

In Burns v. Peoples Tel. & Tel. Company, 161 Tenn. 382, 33 S. W. (2d) 76, prior holdings of the Supreme Court in Coal, Iron & Railway Co. v. Minton, 117 Tenn. 415, 101 S. W. 178, 11 L. R. A. (N. S.), 478; Swift & Co. v. Warehouse Co., 128 Tenn. 82, 158 S. W. 480; Moran v. Weinberger, 149 Tenn. 537, 260 S. W. 966, and Davis v. Parks, 151 Tenn. 321, 270 S. W. 444, all involving and construing this section of the Code, were reviewed and the rule announced

that unless a plaintiff is grossly negligent in choosing the forum of his first suit, he may dismiss the first action and institute another within one year thereafter.

The rule announced in East Tennessee Coal Co. v. Daniel, supra, is not controlling in this case for the reason that process was issued and placed in the hands of an officer for service all within one year of the accrual of plaintiff's cause of action. Plaintiff's attorney appears to have believed in good faith that he could obtain service of process in Greene County, and we do not think he was guilty of such negligence in choosing that forum as would bar plaintiff from dismissing that suit and later instituting another suit within one year thereafter.

One of the assignments of error is that the court erred in charging the jury that the issuance of a summons was the commencement of an action within the meaning of the statute and in refusing to charge defendant's special request containing a statement of the rule as laid down in East Tennessee Coal Co. v. Daniel, supra. Under the holding in that case, we do not think plaintiff had ''commenced'' his action in Greene County within the meaning of Section 8572 upon the mere issuance of the summons by the clerk. In the East Tennessee Coal Co. Case, the court cited with approval a statement of the rule that an action is commenced when the writ is filled out and completed, with an intention of having it served.

''A writ or notice is issued when it is put in proper form and placed in an officer's hands for service, at the time it becomes a perfected process. In relation to process, the word 'issued' often may import the idea of delivery, but the context should always be considered in determining its meaning in a given case.'' 33 Corpus Juris, 828.

While we think the court erred in charging the jury that the suing out of a summons in the office of the circuit court clerk is the commencement of an action within the meaning of Section 8572, as distinguished from Section 8571, and should have charged defendant's special request embodying the rule that there must also be a bona fide intention, at least, to deliver the process to an officer for service, since the undisputed evidence in this case shows that the summons issued by the Circuit Court Clerk of Greene County was, in fact, both issued and delivered to an officer for the bona fide purpose of having it served, the court's error in this connection becomes immaterial and harmless. Under the evidence appearing in the record the court would have been justified in charging the jury peremptorily that plaintiff was within his rights in dismissing the suit in Greene County and instituting this action within one year thereafter.

For the same reason, defendant was not harmed by the action

of the court in striking its second special plea to which we have already referred.

Another of the assignments is directed to the action of the court in excluding an ex parte statement by the deputy sheriff who served the summons in the Greene County case made out of court and out of the presence of plaintiff tending to impeach the return of the Greene County summons. This statement was properly excluded as hearsay evidence.

For the reasons indicated, all assignments of error are overruled and the judgment below affirmed, with costs.

Portrum and Ailor, JJ., concur.