S. R. FOWLER

*v.*

WILLIAM P. HERMAN

(*Knoxville,* September Term, 1955.)

Opinion filed June 8, 1956.

FOSTER D. ARNETT, Knoxville, for plaintiff in error.

KEY & LEE, Knoxville, for defendant in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The question for solution in this case is whether or not the plaintiff in error's cause of action is barred by the Alabama statutes of limitation. The trial judge held that it was barred and plaintiff in error has appealed. :

The plaintiff was a guest in the automobile of the defendant on the 19th day of October, 1951 when he was injured by reason of an automobile accident occurring to them while they were traveling from Knoxville to Birmingham, Alabama. At this time both plaintiff and defendant were residents of the State of Tennessee.

On the 17th day of October, 1952, that is within one year of the date of accident and injury, plaintiff procured the issuance of a summons to the defendant from the Circuit Court of Knox County, Tennessee, which summons was returned unexecuted because the defendant was not to be found ''in my County, search having been made for him'' thereupon. The record shows that before this summons was issued the defendant had left the State of Tennessee and changed his residence to another State, but it does not show whether this fact was known to the plaintiff at the time.

Subsequently the plaintiff took a voluntary nonsuit and refiled his lawsuit within one year thereafter to wit: April 5, 1953, as he was permitted to do under Code Section 8572 of the 1932 Code, T.C.A. sec. 28-106, or as he was also permitted to do under Code, sec. 8571, T.C.A. sec. 28-105. This latter summons was served in Knox County upon the defendant.

Defendant then filed his plea in abatement alleging that the plaintiff's suit was barred by the Alabama statute of limitations of one year under Title 7, sec. 26 of the Alabama Code providing that suits for personal injury shall be brought within one year from the date of accident, relying upon Code Section 8607 of the 1932 Code, T.C.A. sec. 28-114 which provides as follows:

"Application of foreign statutes.—Where the statute of limitations of another state or government has created a bar to an action upon a cause accruing therein, while the party to be charged was a resident in such state or such government, the bar is equally effectual in this state."

Defendant relied further upon the Alabama non-resident motorists service statute, Title 7, sec. 199, which is quite similar to the Tennessee statute 8671, T.C.A. sec. 20- 224 except that it does not limit the authority of the Secretary of State to one year for acceptance of service. Defendant further relies on our case of *Arrowwood v. McMinn County*, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855, and *Peters v. Tuell Dairy*, 250 Ala. 600, 35 So.2d 344, in both of which cases the Court held that these service statutes made the defendant in effect a resident of the State for the purpose of personal service of process by means of service of same upon his agent, the Secretary of State, and hence the plaintiff could have

brought his action at any time during the one year in the State of Alabama, and have obtained under that statute personal service upon the defendant. Further that having failed to do so the plaintiff is barred in Alabama, where the cause of action arose and is therefore barred in Tennessee.

We think this argument overlooks the effect of Code sec. 8571, T.C.A. sec. 28-105 which provides as follows:

"Summons as commencement of action.—The suing out of a summons is the commencement of an action, within the meaning of this title, whether it be executed or not, if the action is duly prosecuted and continued by the issuance of alias process from term to term, or recommenced within one (1) year after the failure to execute."

■ In Tennessee the suing out of a summons, not the execution of it, is the commencement of an action. *Sinclair Refining Co. v. Bennett,* 6 Cir., 123 F.2d 884.

■ Under the express language of the second part of the above statute the action is saved by being recommenced within one year from the failure to execute the summons originally sued out in time, without the aid of the following section above mentioned, 8572. *Bryant v. Mulder,* 163 Tenn. 600, 45 S.W.2d 48; *Hoover Lines, Inc., v. Whittaker,* 22 Tenn.App. 223, 120 S.W.2d 983.

It thus appears that when the plaintiff's action was originally commenced in Tennessee, it was not yet barred under the one-year statute in Alabama. Hence Code Section 8607, T.C.A. sec. 28-114 can have no application to the present situation.

■ While it is true that the plaintiff could have sued the defendant in Alabama, he was not compelled to do

so because the action was transitory and could be filed wherever the defendant could be found. Plaintiff elected to bring his suit in Tennessee, he brought it within the one year and kept it alive by refiling his suit in Tennessee, so that the expiration of the one year in Alabama was immaterial and irrelevant and had no effect upon the plaintiff's rights which he had preserved in Tennessee. A discussion therefore of the *Arrowwood* and *Peters cases, supra,* is unnecessary as being inapplicable to the facts of this case.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.