Georgia PROCTOR
v.
Henry Clay HENDRICK.

Thomas E. PROCTOR
v.
Henry Clay HENDRICK.
Civ. A. Nos. 3585, 3586.

United States District Court
E. D. Tennessee, N. D.

Dec. 29, 1958.

Atchley & Atchley, Chattanooga, Tenn., for plaintiff.

Hodges & Doughty, Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

Defendant has filed a second motion to quash service of process and to dismiss the complaint in each of these cases on the ground that the accident, out of which these suits arose, occurred on June 28, 1957 and that summons or service of process upon the Secretary of State did not occur until August 1, 1958. Defendant contends that the authority of the Secretary of State, under T.C.A. §§ 20–224—20–226, to accept service of process for a non-resident had expired and the service of process in these cases is therefore void.

The facts are these: A highway accident involving these plaintiffs and this defendant occurred in Tennessee on June 28, 1957. Defendant lives in New York. On June 24, 1958, plaintiffs' counsel came in person to Knoxville from Chattanooga and filed the complaints with the Clerk of the Court. A check for $30 for costs was deposited. Counsel overlooked depositing $4 additional with the Clerk for service upon the Secretary of State under the non-resident defendant statute; but noting the oversight on his return to Chattanooga, he mailed on June 27, 1958 a check for $4 to the Clerk to cover service upon the Secretary of State in the two cases. This check was returned by the Clerk to counsel by letter dated July 2, 1958 with the observation that the summons had been mailed to the Marshal in New York for direct service.

Meanwhile the Clerk, on June 24, 1958, had issued the summonses and delivered them to the United States Marshal. The summonses were mailed to the Marshal in the Southern District of New York where they were received on June 26. Defendant filed its first motion to quash service of process and dismiss complaint on July 16, 1958, on the ground that the attempted service of process by the Marshal was in contravention of Rule 4(f) Federal Rules of Civil Procedure, 28 U.S.C.A. and in consequence was null and void.

Subsequently alias summonses were served upon the Secretary of State and certified copies were mailed by him to the defendant on August 1, 1958. The Secretary's affidavit was filed in the Clerk's office on August 12, 1958.

Defendant's second motions to quash, with which we are here concerned, were filed August 28, 1958.

Section 224 of Title 20, T.C.A., constituting the Secretary of State the agent for service of process upon non-resident defendants in cases growing out of vehicle accidents on the highways of the State, provides in part as follows:

"The agency of the secretary of state to accept service of process shall continue for a period of one (1) year from the date of the accident or injury and shall not be revoked by the death of such nonresident within such period of one (1) year. *Such agency shall continue so long after the expiration of such year as may be necessary to enable the secretary of state to complete the service of process, sued out prior to the expiration of said year and forwarded to him with reasonable dispatch.* The secretary of state shall keep a docket in which he shall enter the style of the cause, the date of issuance of such process, the date of its receipt by him and the date on which it was forwarded by him to the person named as defendant therein." (Code 1932, Sec. 8671; Acts 1947, ch. 235, Sec. 1; 1949, ch. 47, Secs. 1, 2; C.Supp.1950, Sec. 8671; Acts 1955, ch. 265, Sec. 1; 1957, ch. 61, Sec. 1.) (Emphasis added)

In Title 28 T.C.A.—Limitation of Actions, Sec. 105 provides in part, "The suing out of a summons in the commencement of an action, within the meaning of this title, whether it be executed or not, if the action is duly prosecuted and continued by the issuance of alias process from term to term * * *."

Sec. 8571 of the Code of 1932, which is the same as T.C.A. § 28–105, was construed in Ridgway Sprankle Co. v. Carter, 176 Tenn. 442, 143 S.W.2d 527. The Supreme Court there held that the action was commenced within the meaning of the statute if the process issued prior to the running of the statute with the bona fide intention that it be served upon the defendant even though it was not

fully executed until several days after the three years had run. See also Sinclair Refining Co. v. Bennett, 6 Cir., 123 F.2d 884, 886 wherein Judge Hicks in speaking for the court said, "In Tennessee * * * the suing out of a summons, not the execution of it, is the commencement of an action."

West v. Cincinnati, N. O. & T. P. Ry. Co., D.C.E.D.Tenn., 108 F.Supp. 276 cited by defendants is distinguishable from the Ridgway case. In the West case after the summons was prepared by the Clerk, it was deliberately withheld from the Marshal. There was no bona fide intention nor move, as in the Ridgway and these cases, that the summons be reasonably served.

In the cases here, counsel acted with diligence in filing the complaints four days before the running of the statute. The Clerk issued the summonses to the Marshal on the same day. Under Rule 4 (a) the Marshal was the proper person to whom to issue summons. Through a misapprehension, the Marshal forwarded the summonses for direct service to the Marshal's office in New York. That he sent it to the New York Marshal instead of to the Secretary of State does not invalidate the summonses which were timely issued and delivered to a proper party for service. When the error was discovered summonses issued to the Secretary of State.

It is the opinion of this court that process was "sued out" prior to the running of the statute. It was contemplated by Sec. 224 of Title 20 that there might be a reasonable delay in serving the Secretary with the summons and in his getting the notice to this defendant.

A very similar question was decided by the court adversely to the plaintiff in Hixon v. Highsmith, D.C.1957, 147 F. Supp. 801. In that case summons issued to the Marshal who found that defendant lived outside the state. No steps were thereafter taken to serve the summons on the Secretary of State, and personal service was not obtained on defendant until 23 months after the accident.

In these cases, after a bona fide filing of the complaints, a bona fide issuance of the summonses, and after a bona fide (if erroneous) attempt to serve them, alias summonses were served on the Secretary of State on August 1st, and statutory notice sent to the defendant immediately. This was a full compliance with Sec. 105 of Title 28, T.C.A.; and, under the circumstances constituted service upon the Secretary of State "with reasonable dispatch" within the meaning of Sec. 224 of Title 20, since process had been "sued out prior to the expiration of said year." Hoover Lines v. Whitaker, 22 Tenn.App. 223, 229, 120 S.W.2d 983.

An Order has been passed to the Clerk denying the motions of the defendant in each case to quash service of process and dismiss the complaints.