**Maggie P. SPEIGHT, Plaintiff-Appellant,**

v.

**Rose Lowe MILLER, Defendant-Appellee.**

**No. 18309.**

United States Court of Appeals,
Seventh Circuit.

Feb. 9, 1971.

Rehearing Denied Feb. 26, 1971.

Alan E. Morrill and William J. Harrison, Chicago, Ill., for plaintiff-appellant.

Louis Gershon and Horace W. Jordan, Chicago, Ill., for defendant-appellee Rose Lowe Miller.

Before CASTLE, Senior Circuit Judge, and CUMMINGS and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

Plaintiff asserts a personal injury claim arising out of an accident in Nashville, Tennessee, on November 4, 1967. Her complaint, filed in the District Court on March 17, 1969, was dismissed as barred by Tennessee's one-year statute of limitations.[1] She contends that her claim was preserved by the filing of an earlier action in the Tennessee courts on October 16, 1968, less than a year after the accident.

She was not able to pursue her personal injury claim in the Tennessee courts because defendant had moved to Chicago, and plaintiff was unable to effect service of process.[2] We believe plaintiff correctly construes the applicable state statutes.

As federal jurisdiction is supported by the diverse citizenship of the parties, we first consider the law of Illinois. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; see Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 532, 69 S.Ct. 1233, 93 L.Ed. 1520. The complaint was filed within the two year period allowed by Illinois for claims of this kind. Ill.Rev.Stat. Ch. 83, § 15 (1969). The question, however, is whether the claim is barred by the Illinois "borrowing statute."[3] It provides:

> "When a cause of action has arisen in a state or territory out of this state, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained * * * in this state." Ill.Rev.Stat. Ch. 83, § 21 (1969).

Under the plain language of this statute the question to be decided is whether "by reason of the lapse of time" between the accident and March 17, 1969, plaintiff would have been barred from maintaining her action in Tennessee "by the

1. Tenn.Code Ann. § 28–304 (Cum.Supp. 1970). The amount claimed as property damage was insufficient to support federal jurisdiction. 28 U.S.C. § 1332.

2. Plaintiff made two *bona fide* attempts to effect service on the defendant. Within the year, a deputy sheriff attempted to serve her personally at the address in Nashville where she resided at the time of the accident. Alias process was thereafter served through the agency of the Tennessee Secretary of State, but was ineffective with respect to the personal injury claim because not issued until November 8, 1968, more than a year after the accident. Her property damage claim is still pending in Tennessee. Speight v. Miller, Tenn., 443 S.W.2d 657 (1969). She has represented that she will dismiss that litigation if the action in the

District Court is permitted to proceed. That Court properly took judicial notice of the Tennessee litigation. Moreover, that proceeding is now described in an amended complaint which we granted appellant leave to file.

3. As we understand the holdings of the relevant Illinois cases involving the assertion of common law claims, there would be no need to consider the borrowing statute if another Illinois limitations statute barred the action; certainly this would be true if one of the parties had been an Illinois resident at the time of the occurrence. See, e. g., Jackson v. Shuttleworth, 42 Ill.App.2d 257, 192 N.E. 2d 217 (3rd Dist. 1963); Bernard Food Industries, Inc. v. Dietene Co., 415 F.2d 1279, 1282 (7th Cir. 1969), and cases cited therein.

laws thereof." Both of the quoted phrases support plaintiff's interpretation of the statute. Her action was barred in Tennessee not simply "by reason of the lapse of time," but more precisely by her inability to obtain personal jurisdiction over the defendant. Reference to "the laws" in the plural persuades us that provisions in the Tennessee Code which toll its statute of limitations, as well as the limitations period, are borrowed by Illinois.[4]

Plaintiff was unable to pursue her personal injury claim in the Tennessee courts because she could not effect service on the defendant.[5] If defendant had been amenable to process in Tennessee on March 17, 1969, under the laws of Tennessee the action could have been maintained in the courts of that state. Section 28–105 of the Tennessee Code provides:

> "*Summons as commencement of action.*—The suing out of a summons is the commencement of an action, within the meaning of this title, whether it be executed or not, if the action is duly prosecuted and continued by the issuance of alias process from term to term, or recommenced within one (1) year after the failure to execute." Tenn.Code Ann. § 28–105 (1955).

The term "suing out of a summons" refers to the issuance of process, with instructions to effect service, rather than the completion of successful service. Robertson v. Giant Food Market, Inc., 210 Tenn. 356, 358 S.W.2d 338 (1962). Summons issued and the Tennessee action was commenced within a year after the accident. March 17, 1969, was, therefore, well within the additional one year period in which the Tennessee action could have been recommenced. It was defendant's absence from Tennessee rather than the mere lapse of time which prevented plaintiff from maintaining her action in the Tennessee courts. Fowler v. Herman, 200 Tenn. 201, 292 S.W.2d 11 (1956).[6] The claim, therefore is not barred by the Illinois borrowing statute.

Defendant argues that an action filed in the federal court in Chicago is not a "recommencement" of Tennessee litigation within the meaning of § 28–105 of the Tennessee Code. Assuming that proposition to be correct, the more relevant inquiry is whether the action could have been "recommenced" in Tennessee on March 17, 1969. Defendant answers in the negative on the authority of the trial court ruling referred to in Seymour v. Southern Ry. Co., 117 Tenn. 98, 98 S.W. 174 (1906), since plaintiff's

---

4. In American Surety Company of New York v. Gainfort, 219 F.2d 111, 112 (2d Cir. 1955), Judge Clark referred to "the general principle that the borrowed statute of limitations is accepted with all its accouterments. \* \* \*"

5. At the time plaintiff attempted to serve defendant through the agency of the Tennessee Secretary of State, the period in which the Secretary could accept service for property damage claims was three years, while the period of agency for personal injury claims was only one year. Thus, plaintiff's service was effective to sustain the property damage claim. Public Acts of 1968, Ch. 574, §§ 1–2 amending Tenn.Code Ann. § 20–224; Speight v. Miller, Tenn., 443 S.W.2d 657 (1969); see note 2 *supra*. The statute was amended again in 1970. The present amendment expressly limits the agency of the Secretary to the period in which the

cause of action is not barred by the relevant statute of limitations. Tenn.Code Ann. § 20–224 (Cum.Supp.1970).

6. The decision in *Fowler* was based upon § 28–105 of the Tennessee Code. Plaintiff in that case, like appellant here, also relied on § 28–106 which provides:
"*New action after adverse decision not foreclosing merits.*—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest." Tenn.Code Ann. § 28–106 (1955).

**784**

property damage claim is still pending in the state court. Again, however, even if we make the doubtful assumption that the personal injury suit could not have been recommenced by reason of the pendency of the property damage claim,[7] it is not barred by the Illinois borrowing statute unless the recommencement is foreclosed "by reason of the lapse of time."

 Finally, defendant relies on Oliver v. Altsheler, 198 Tenn. 155, 278 S.W. 2d 675 (1955) which holds that out of state service cannot be effected more than a year after the accident even if an action is originally commenced within the year. Particular reliance is placed on the following statement:

> "We hold that the second suit having been filed more than one year from the date of the collision is barred by the one year statute of limitations." 278 S.W.2d at 676.

As we read the court's opinion in that case, however, the "statute of limitation" referred to in the quoted excerpt is the statute limiting the duration of the Secretary of State's agency to accept service on behalf of an out of state resident,[8] rather than the basic statute limiting the time in which the action may be maintained.[9] Support for this interpretation is found in the comment of the court earlier on the same page that the suit had not been determined "on its merits and the cause of action survives under the provision of § 8572 of the Code."[10] The fact that Tennessee had not effectively provided for out of state service more than one year after the accident did not prevent the cause of

action from surviving in Tennessee; consequently, the claim is not foreclosed by the Illinois borrowing statute.

The judgment is reversed.

---

7. The assumption is doubtful, not only because the 1906 trial court decision in *Seymour* may or may not have represented the law in Tennessee at that time, but also because we assume that today Tennessee would permit the personal injury claim to be pursued in the same litigation as the property damage claim if service were adequate and if the personal injury claim was not barred by reason of the lapse of time. There is no indication to the contrary in the opinion of

the Tennessee Supreme Court in Speight v. Miller, Tenn., 443 S.W.2d 657 (1969).

8. 1932 Code, § 8671, *now* Tenn.Code Ann. § 20–224 (Cum.Supp.1970).

9. 1932 Code, § 8595, *now* Tenn.Code Ann. § 28–304 (Cum.Supp.1970).

10. Section 8572 of the 1932 Code was the savings clause which is now Tenn.Code Ann. § 28–106 (1955). See note 6 *supra.*