**Elnora B. POWERS, Plaintiff-Appellant,**

v.

**Loss HOPSON, Defendant-Appellee.**

**No. 76–1152.**

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 9, 1977.

Decided April 7, 1977.

**714**

N. R. Coleman, Jr., Milligan, Coleman, Fletcher & Gaby, Greeneville, Tenn., for plaintiff-appellant.

Elnora B. Powers, Bob McD. Green, Green & Green, Johnson City, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, and WEICK and PECK, Circuit Judges.

PER CURIAM.

This appeal involves the Tennessee one year statute of limitations relating to motor vehicle accidents and the Tennessee Saving Statute, T.C.A. § 28–106.[1] Jurisdiction is based upon diversity of citizenship and Tennessee law controls. Two suits were filed. The first was dismissed without prejudice on the motion of plaintiffs. The District Court dismissed the second suit on the ground that it was barred by limitation and not "saved" by the saving statute. We reverse because the order of the District Court dismissing the first suit without prejudice was entered March 21, 1974 (and not on February 19, 1974, as held by the District Court), and that the second suit was filed within one year after the dismissal of the first within the meaning of the saving statute.

The litigation grew out of a motor vehicle accident occurring in Unicoi County, Tennessee, on November 16, 1972. A timely complaint was filed in the District Court on January 29, 1973. The case came on for trial on February 19, 1974. After a jury had been selected and sworn, and after the plaintiff had begun to introduce evidence, the plaintiff moved for leave to take a voluntary non-suit, without prejudice. This motion was granted orally by the District Court.

On March 21, 1974, the District Judge signed and entered the following order:

These consolidated cases came on to be heard on February 19, 1974, on plaintiffs' motion for a voluntary dismissal thereof, and the Court, having considered the same and being of the opinion that the motion is well taken, IT IS

ORDERED, that conditioned upon the payment, within sixty (60) days from and after February 19, 1974, of $452.90, representing reasonable costs assessed against the plaintiffs by the Court, that these cases be, and the same hereby are dismissed without prejudice; and IT IS FURTHER

ORDERED, that in the event such costs are not paid within the time hereinabove provided, then these cases will be, and the same hereby are dismissed on the merits and with full prejudice to any further suit.

■ Under the provisions of the Tennessee Saving Statute (see n.1) a plaintiff is

---

1. 28–106. *New action after adverse decision not foreclosing merits.*—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. [Code 1858, § 2755 (deriv. Acts 1715, ch. 27, § 6; 1819, ch. 28, § 3); Shan., § 4446; mod. Code 1932, § 8572.]

entitled to file a new action within one year after the taking of a voluntary non-suit. *Balsinger v. Gass*, 214 Tenn. 343, 379 S.W.2d 800 (1964); *Brooksbank v. Roane County*, 207 Tenn. 524, 531, 341 S.W.2d 570 (1960); *Fowler v. Herman*, 200 Tenn. 201, 292 S.W.2d 11 (1956); *Reed v. Cincinnati, N.O. & T.P. Ry. Co.*, 136 Tenn. 499, 190 S.W. 458 (1916); *Memphis & Charleston Railroad Co. v. Pillow*, 56 Tenn. (9 Heisk) 248, 251 (1872); *Moore v. Fields*, 464 F.2d 549, 550 (6th Cir. 1972).

■ The precise question presented on this appeal is whether the one year period prescribed by the Saving Statute began to run on February 19, 1974, the day the District Court orally granted the motion for a voluntary non-suit, or on March 21, 1974, the date of the entering of the above quoted order. Within one year after the entering of the foregoing order, but more than a year after February 19, 1974, the plaintiff filed a new suit in the Circuit Court of Unicoi County, Tennessee, which was removed to the District Court upon petition of the defendant.

There appears in the record of the first trial in the District Court (Civil Action Nos. 3011–12) the following document:

## ORDER

Came the parties by their attorneys when these causes came on for trial, came the following jury to-wit:

David H. Lewis, Jr.

Thomas G. Pendleton

John Gray

Mrs. George Belle Taylor

Mrs. Kathy S. Palmer

Mrs. Ruth F. Dawson

James W. Hensley,
    alternate No. 1

Mrs. George A. Williams
    alternate No. 2

good and lawful citizens of the Northeastern Division of the Eastern District of Tennessee, who were duly tried, impaneled and sworn to truly try the issues joined between the parties.

After hearing part of the plaintiff's testimony, counsel for the plaintiff moved the Court for a dismissal, which was granted by the Court without prejudice.

The date February 19, 1974, is stamped at the top of this document. In dismissing the second suit the District Court ruled that the statute of limitations began to run on the date of the daily order of February 19, and that the second formal order of March 21 was a "nullity." We do not agree. The above-quoted daily order is not a complete judgment. It was not signed by the District Judge or by the Clerk as required by Fed.R.Civ.P. 58. The docket entries of the first trial contains the following notation as to the order of March 21:

Order, Neese, D. J., filed, that conditioned upon the payment, within 60 days from and after Feb. 19, 1974, of $452.90, representing reasonable costs assessed against the plaintiffs, that these cases (nos. 3011 and 3012) are dismissed without prejudice; in the event such costs are not paid within the time hereinabove provided, then these cases will be dismissed on the merits with full prejudice. Service by clerk.

We hold that the document dated February 19, 1974, was not a final order. *United States v. Hark*, 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290 (1944); *Philhall Corporation v. United States*, 546 F.2d 210 (6th Cir. 1976); *Associated Press v. Taft-Ingalls Corporation*, 323 F.2d 114 (6th Cir. 1963); *Bowles v. Rice*, 152 F.2d 543, 544 (6th Cir. 1946). *See also United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973); *Pure Oil Company v. Boyne*, 370 F.2d 121 (5th Cir. 1966); *Danzig v. Virgin Isle Hotel*, 278 F.2d 580 (3rd Cir. 1960).

Accordingly, the order dismissing the complaint is reversed and the case is remanded to the District Court for further proceedings.