STATE OF TENNESSEE *ex rel. v.* M. R. PATTERSON *et al.*[*]

*(Nashville.* December Term, 1926.)

Opinion filed, February 26, 1927.

1. **TAXATION. Delinquent. Collection. Proceeding in rem.**

Under the revenue laws now prevailing in Tennessee, all proceedings for the collection of taxes are proceedings in rem. A judgment in rem is conclusive, however, only as to those parties who are entitled to appear in the proceedings and assert an interest in the thing of which the court has laid hold. (Post, p. 172-173.) 175.)

Citing: Hadley v. Hadley, 114 Tenn., 156.

Citing: Acts 1907, ch. 602; Acts 1921, ch. 115. In The Mary, 9 Cranch, 126, 3 L. Ed. 678; 3 Freeman on Judgments (5 Ed.), sec. 1543, et seq.

2. **SAME. Same. Same. Laches.**

Where a suit has been instituted for the collection of delinquent taxes, and the tax lien has been converted into a lis pendens lien, said suit if conducted with such a lack of diligence, may render ineffective the last-named lien on account of laches. (Post, p. 174-175.

Citing: City of Nashville v. Mrs. C. Singer et al., C. A. 1920.

3. **SAME. Same.**

The delay in the prosecution of a suit, not satisfactorily explained defeats the lien of lis pendens as against an innocent or bona-fide purchaser of the land. (Post, p. 174.)

Citing: Mann v. Roberts, 79 Tenn. (11 Lea.), 57; Williamson v. Williams, 79 Tenn. (11 Lea), 355; Robinson v. Bierce, 102 Tenn., 428; Hammock v. Qualls, 139 Tenn., 388.

4. **SAME. Estoppel. Pleading.**

When the facts on which the estoppel rests appear from the pleadings and exhibits, or the record, it is not necessary to plead the estoppel eo nomine. (Post, p. 174-175.)

Citing: Maryland Casualty Co. v. McTyier, 150 Tenn., 691.

5. **EQUITY PRACTICE.** Laches in prosecution of suit.

   A bill in Chancery as a matter of practice, may be dismissed upon motion for laches in the prosecution of the suit. (Post, p. 175.)

   Citing: Cowan, McClung Co. v. Donaldson, 95 Tenn., 322; Collins v. Insurance Co., 91 Tenn., 432.

---

*Headnotes 1. Taxation, 37 Cyc., pp. 1305 (Anno), 1310, 1315; 2. Taxation, 37 Cyc., pp. 1304, 1315; 3. Lis Pendens, 38 C. J., section 64; 4. Taxation, 37 Cyc., p. 1305 (Anno); 5. Estoppel, 21 C. J., section 260; 6. Lis Pendens, 38 C. J., section 64; 7. Equity, 21 C. J., section 804.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —Hon. JOHN R. AUST, Chancellor.

A. G. EWING, III, for Appellants.

LITTELL RUST, for Appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a tax suit by the State on relation of the Revenue Agent to collect delinquent State and county taxes. Upon motion of F. R. Pegram, named as one of the defendants, the suit was dismissed as to him by the Chancellor and the State has appealed.

The bill was filed January 5, 1922, to collect State and county taxes for the year 1920. *Subpoena* to answer was issued January 17, 1922. It was returned March 29, 1922, not executed as to defendant Pegram ''for want of time.'' No *alias subpoena* issued, nor does it appear that any

other step was taken in the cause, at least as to Pegram. On April 10, 1926, Pegram moved that the bill be dismissed as to him for laches in the prosecution of the suit. This motion was granted by the Chancellor April 13, 1926, and a decree entered accordingly.

Upon the hearing of the motion to dismiss affidavits of defendant Pegram and of Mr. Ewing, Delinquent Tax Attorney, were read before the Chancellor showing this state of facts. Pegram purchased the lot upon which the delinquent taxes had accrued in the year 1919. He sold the lot to Thompson May 2, 1919. Thompson, however, did not record his deed until February 8, 1921. Pegram's affidavit, read on the hearing below, was dated April 8, 1926. In that affidavit he stated that he purchased the lot a few months ago and had only recently learned of the tax bill herein upon having his abstract supplemented. It further appeared from Pegram's affidavit that he had lived in Nashville and had an office within a few blocks of the court house since the filing of this bill. Other matters in Pegram's affidavit and in the affidavit of the Delinquent Tax Attorney will be noticed in the course of the opinion.

It is insisted on behalf of the State that Pegram must be regarded as a party to this tax suit and that he is not in the attitude of an innocent purchaser of the land involved, entitled to take advantage of any laches of the State in the prosecution of the tax suit. This contention, while urged with much force, must be rejected.

Pegram was certainly not made a party to the tax suit by service of process, as appears above, nor did he become a party by reason of the seizure of any property belonging to him. He had no interest in this lot January 10, 1920, when the tax lien fastened, nor did he have any interest therein January 5, 1922, when the bill herein

was filed. He deeded the property to Thompson May 2, 1919. The failure of Thompson to record his deed until February 8, 1921, did not alter the fact that Pegram had parted with his interest. It is true that, when he sold to Thompson, Pegram owed his vendor a purchase money note of $700 secured by lien on the lot. Thompson assumed the payment of this note. Pegram then stood in the attitude of a surety of Thompson for the payment of said note, and Pegram could only have acquired an interest in the land through this note by paying off the said note and becoming subrogated to the lien of his vendor.

No personal judgment could have been recovered against Pegram in the tax suit and the mere fact that he was named as a party thereto did not make him a party, without service of process, no property of his having been impounded.

It is argued that under the revenue laws now prevailing in Tennessee, all proceedings for the collection of taxes are proceedings *in rem* and are binding upon all the world. They are in truth proceedings *in rem, Hadley* v. *Hadley,* 114 Tenn., 156, Chapter 602, Acts of 1907, Chapter 115, Acts of 1921, and it is somtimes loosely said that all the world are parties to such proceedings. Such a statement, however, is too broad. A judgment *in rem* is conclusive only as to those parties who are entitled to appear in the proceedings and assert an interest in the thing of which the court has laid hold.

In *The Mary,* 9 Cranch, 126; 3 L. Ed. 678, an enemy vessel was captured by an American privateer and brought into port where the vessel and cargo were libeled as enemy property. No claim was made in behalf of the owners of the vessel and she was condemned. The cargo was later claimed by certain parties, and the captors relied on the sentence of condemnation against The Mary

as establishing against the claimants of the cargo that the ship was enemy property. The court denied the claim of the captors, holding that the claim to the vessel and the claim to her cargo were distinct claims held by different persons; that the failure to assert one ought not to prejudice the assertion of another; that the owners of the cargo, not having any interest in the vessel, could not appear for her nor conduct any proceedings in her behalf tending to show that she was American property. Chief Justice MARSHALL said:

"Every person, therefore, who could assert any title to the 'Mary' has constructive notice of her seizure, and may fairly be considered a party to the libel. But those who have no interest in the vessel, which could be asserted in the court of admiralty, have no notice of her seizure, and can, on no principle of justice or reason, be considered as parties in the cause, so far as respects the vessel. When such person is brought before a court in which the fact is examinable, no sufficient reason is perceived for precluding him from re-examining it. The judgment of a court of common law, or the decree of a court of equity, would, under such circumstances, be re-examinable in a court of common law or a court of equity; and no reason is discerned why the sentence of a court of admiralty, under the same circumstances, should not be re-examinable in a court of admiralty."

For a further discussion of this matter see 3 Freeman on Judgments (5 Ed.), sec. 1543, et seq.

Upon the authorities, therefore, even though full effect be given to this tax suit as a proceeding *in rem,* nevertheless Pegram cannot be considered as a party thereto since he had no interest in the *res.*

It follows, therefore, that Pegram was charged with only such notice of the tax suit as is cast upon every

person when a suit to reach specific property is filed in a court of record. That is to say he acquired the notice of *lis pendens*.

The affidavits filed herein show that Pegram purchased the lot involved from Turner a "few months" or "recently" before May, 1926. At that time the tax suit had been pending for four years or more without prosecution or steps taken to charge the particular lot. Pegram had but "recently" learned of the tax suit when he had the abstract to the lot supplemented. The taxes sought to be collected were 1920 taxes and were probably barred by section 821, Thompson's Shannon's Code, at this time.

Under our decisions such delay as this in the prosecution of a suit, not satisfactorily explained, defeats the lien of *lis pendens* as against an innocent or *bona-fide* purchaser of the land. *Mann* v. *Roberts,* 79 Tenn. (11 Lea), 57; *Williamson* v. *Williams,* 79 Tenn. (11 Lea), 355; *Robinson* v. *Bierce,* 102 Tenn., 428; *Hammock* v. *Qualls,* 139 Tenn., 388.

Pegram, if not entitled to conclude that 1920 taxes were barred when he purchased the lot, was clearly entitled to assume that the suit for collection of such taxes had been abandoned. The tax lien had been converted into a *lis pendens* lien, *Robinson* v. *Bierce,* supra, and the suit had been conducted with such a lack of diligence as to render ineffective the last-named lien. The estoppel is plain and the Chancellor correctly dismissed the bill on account of laches. The facts on which the estoppel rests appear from the bill and the affidavits which were part of the motion to dismiss, and it was not necessary to plead the estoppel *eo nomine*. *Maryland Casualty Co.* v. *McTyier,* 150 Tenn., 691. We do not think the delay in the prosecution of the tax suit has been sufficiently

explained by the affidavit of the Delinquent Tax Attorney. He sets out in substance that the State has so many of these claims that it is hardly possible to give them all adequate attention. A like explanation was offered in *Robinson* v. *Bierce,* supra, and the court said:

"It is again insisted that these were tax suits, and they should be treated with great leniency because they involve a great number of tracts of land and a great number of parties, and that the delay is generally to the advantage of the defendants, and gives them time to raise the money to pay off the taxes. We know of no rule of sovereignty or divinity which hedges a tax suit with immunity from the rules of equity and practice which control other suits. The very facts stated by complainant, of number of parties and tracts of land involved, tend to obscure particular lots and names of individual owners, and render more secret the liens placed upon particular lots, and bring these cases clearly within the rule which requires more active diligence in the prosecution of suits which fix secret liens, in order that hurt may not fall to innocent parties."

It is proper to say that this tax bill was filed and the delay in the prosecution of this suit transpired, before the present Delinquent Tax Attorney went into office.

In *City of Nashville* v. *Mrs. C. Singer, et al,* decided by the Court of Civil Appeals in 1920, it was held by that court that a tax suit not prosecuted for four years might be dismissed for laches upon motion of the party who owned the land at the time the bill was filed. We are not called upon to go so far in the case before us, and express no opinion as to the result reached in the case mentioned. In the case before us Pegram was not the owner of the land when the tax sought to be collected was assessed, when it became a lien on the land, or when the

tax bill was filed, and for the reasons heretofore indicated his position with reference to the tax suit is quite different from the position of such owner.

That a bill in Chancery may be, as a matter of practice, dismissed upon motion for laches in the prosecution of the suit is distinctly recognized in *Cowan, McClung & Co.* v. *Donaldson,* 95 Tenn., 322, and *Collins* v. *Insurance Co.,* 91 Tenn., 432.

The decree of the Chancellor is affirmed.