STATE *v.* LORENA G. McPHAIL.*

(*Nashville.*  December Term, 1927.)

Opinion filed February 18, 1928.

1. LACHES.  ESTOPPEL.  APPLICATION.

The defense of laches is based upon the doctrine of estoppel and is only applicable where the party invoking it has been prejudiced by the delay.  (Post, p. 460.)

2. TAXATION.  DUTY OF TAXPAYER.  LACHES.

It being the duty of a taxpayer to voluntarily pay his taxes failure of the State to prosecute a suit for the collection thereof will not be dismissed for laches.  (Post, p. 461.)

Citing: State v. Patterson, 290 S. W., 973.

3. LACHES.  DELAY.  SPEEDING CAUSE.

Under our statute a defendant to a suit may have an order entered requiring the complainant to speed the cause, but upon his failure so to do the suit will not be dismissed on his motion for laches.  (Post, p. 461.)

Citing: Shannon's Code (1917 Ed.), secs. 6199, 6200; Gibson's Suits in Chancery (2 Ed.), subsec. 5, sec. 750.

4. DELAY.  LACHES.  INTERVENING RIGHTS.

One not a party to a suit but whose intervening rights are prejudiced by long continuance may have said suit dismissed for laches on failure to prosecute the suit. ( Post, p. 462.)

Citing: State v. Patterson, 290 S. W., 973.

---

*Headnotes 1.  Equity, 21 C. J., sections 211, 219; 2. Equity, 21 C. J., section 219; 3. Equity, 21 C. J., section 804.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —HON. JOHN R. AUST, Judge.

ALBERT G. EWING, III, for complainant.

R. L. KENNEDY, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is an omnibus tax bill filed on January 5, 1922, against the defendant, W. L. Nisserson, and others, to recover decrees for State and county taxes for the year 1920, and to have same decreed a lien on certain described lots and for a sale of the lots in satisfaction of the liens.

On January 16, 1922, a subpoena to answer was issued for all defendants, and, with regard to Nisserson, was returned March 29, 1922, not executed because "not to be found in my county."

On June 3, 1927, the Chancellor, on motion of Nisserson, dismissed the bill because of laches in the prosecution of the suit. The State has appealed and assigned this action of the Chancellor for error.

There is nothing to indicate that Nisserson suffered any injury or disadvantage by the delay.

(1) The defense of laches is based upon the doctrine of equitable estoppel, and, so far as we are advised, is only applied where the party invoking it has been prejudiced by the delay.

A very clear statement of the rule is made by Mr. Pomeroy in his work on Equity Jurisprudence (4th Ed.), vol. 4, p. 3418, in this language:

"Laches, in legal significance is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it makes little difference whether one presses a right promptly or slowly.

within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party has in good faith become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as estoppel against the assertion of the right. The disadvantage may come from loss of evidence, change of title, intervention of equities and other causes; but when a Court sees negligence on one side and injury therefrom on the other, it is the ground for denial of relief.''

(2) Applying this test to the facts of the instant cause, no reason occurs to us as to why the State should be denied a recovery of an apparently just debt.

Nisserson is charged with notice that he is liable for the tax and that it is his duty to voluntarily pay the same. He was the owner of the property when the tax lien fastened and when the bill was filed, and in legal contemplation was a party to the suit. State v. Patterson, 290 S. W., 973.

(3) Nisserson could have at any time, upon motion, had an order entered requiring complainant to speed the cause. Sections 6199 and 6200 of Shannon's Annotated Code; Gibson's Suits in Chancery (2nd Ed.), subsection 5 of section 750.

When the State is forced to resort to the courts to enforce its claim, the only defense interposed is delay.

It is not insisted that the claim is not just, or that it is barred by the statute of limitations, or that, as a result of the delay, the debtor has been injured or placed at a disadvantage, and as stated above, mere delay does not constitute laches.

Necessarily, the court cannot prescribe any hard and fast rule as to what constitutes laches, since each case must be determined upon its own facts.

*(4)* Counsel for Nisserson rely chiefly upon *State* v. *Patterson, supra.* In that case a motion to dismiss for laches in failure to prosecute the suit for more than four years was sustained. The court expressly found that the taxpayer, Pegram, was not a party to the suit, and said:

"Under our decisions such delay as this in the prosecution of a suit, not satisfactorily explained, defeats the lien of *lis pendens* as against an innocent or *bona-fide* purchaser of the land."

In that case Pegram, as a result of the delay of the State, suffered a disadvantage in that he purchased the lots without any knowledge of the pending suit, which brought him squarely within the rule.

Our conclusion is, therefore, that the chancery bill on its face was not subject to dismissal on motion for laches, and that the Chancellor was in error in so holding, and his decree will be reversed and the cause remanded for further proceedings.

The learned Chancellor undertook to follow the decision of the Court of Civil Appeals in *City of Nashville* v. *Mrs. C. Singer et al.,* decided in 1920, which we are unable to approve in so far as it conflicts with our holding herein.