STATE *v.* BENNER *et al.*

(*Nashville,* December Term, 1939.)

Opinion filed June 8, 1940.

Publication ordered May 8, 1945.

W. WRIGHT MITCHELL, of Memphis, for appellant Mitchell (petitioner below).

WILLIAM GERBER and K. C. LARKEY, both of Memphis, for appellees (complainants below).

MR. JUSTICE COOK delivered the opinion of the Court.

Delinquent tax cases filed each year from 1904 were consolidated by an order of the Court. There are numerous defendants in each case, but their names are referred to on a tax list attached to the bill. In 1924 Mrs. Minnie V. Mitchell loaned T. L. Campbell eight hundred dollars, which was secured by a deed of trust. Bills for collection of delinquent taxes on the property beginning with 1904 had as above stated been filed annually and were pending when the deed of trust was executed. Sim-

ilar bills were filed annually thereafter to enforce the delinquent taxes. Mrs. Mitchell was not a party to any of the bills and had no actual knowledge of their contents. She received payments on the mortgage debt between 1924 and 1932. Then a new mortgage was executed. Subsequent to that other tax bills were filed of which she had no actual notice. It was represented to her by Campbell when the mortgage and the renewal · mortgage were executed that the property was not encumbered. The deed contained warranties against encumbrance.

In 1939 the property was taken by the housing authority under condemnation proceedings and the proceeds of the appraised value, $870, were deposited with the Clerk and Master for distribution to claimants. At that time the balance of Mrs. Mitchell's mortgage debt was $455.70. The claim for taxes consists of accumulated taxes, interest, penalties and costs, beginning with 1904 when the first of the annual tax suits was filed. The petitioner insists that the claims against the proceeds of this property for taxes are barred by laches, and that her claim for the balance of the mortgage debt should be allowed out of the fund of $870. The Chancellor refused to allow petitioner's claim and she appealed and insists that his decree should be reversed. She relies on the proposition that when suits are filed for the collection of delinquent taxes the tax lien merges into a *lis pendens* lien which by long delay unexplained estops the taxing authorities from enforcing the claim for taxes.

By Chapter 602, Acts of 1907, lien for taxes attaches to all interest in the property, and the claim is enforceable by action to recover the taxes commenced within six years. These tax suits are considered actions *in rem*, and it is usually held that all persons having an

interest in the property are deemed to have constructive notice of the claim for taxes. In *Robinson* v. *Bierce,* 102 Tenn. 428, 435, 52 S. W. 992, 47 L. R. A. 275, it is said that from the commencement of a delinquent tax suit the action which would be barred after six years is converted into a *lis pendens* lien and becomes subject to the incidents of practice and procedure. And in *State ex rel. Revenue Agent* v. *Patterson,* 155 Tenn. 169, 174, 290 S. W. 973, it is said that after having commenced suits so as to suspend the statute of limitations if the State fails to prosecute the action so as to preserve the suspension of the lien, it loses by laches the benefits obtained by commencing the suit. The rule to be observed in applying the doctrine of laches is well stated in the case of *State* v. *McPhail,* 156 Tenn. 459, 460, 2 S. W. (2d) 413, where among other things the court said that mere delay does not constitute laches and that the debtor must in all cases have suffered some injury or disadvantage by the delay.

■ Laches and delay of the complainants in not prosecuting the tax claim and their conduct in allowing the taxes, interest, and penalties on the Campbell lot to accumulate for 35 years are not explained. While Mrs. Mitchell was charged with constructive notice of the tax suits filed against Campbell, she had no actual notice that the Campbells were parties to those suits or that the tract of land conveyed to her to secure the loan was being proceeded against for taxes. If the cases had been prosecuted to a conclusion within a reasonable time, even within the period of the statute of limitations of six years, the claim could not have accumulated to the extent of absorbing the value of the property. The petitioner was thus injuriously affected by the delay.

We conclude that as against the petitioner, Mrs. Mitchell, (1) the lien for taxes from 1904 to 1925, when the mortgage was executed, is barred by laches; (2) that beginning with the year 1925 the lien for state, county and municipal taxes is not barred, but the interest, penalties, and attorney's fees are not enforceable. The lien should not be enforced to collect these charges, because of the long and unexplained delay. The decree of the Chancellor will be accordingly modified to allow the state, county and municipal taxes, less interest, penalties and attorney's fees. The cause will be remanded to enable the Chancellor to determine the amount of the taxes beginning with 1925, which constitute prior lien upon the fund in court. After payment of the taxes out of the fund, the remainder will be paid to Mrs. Mitchell.

The costs of appeal will be taxed against complainants. Modified and remanded.