IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2024

## CROCKETT COUNTY v. FARHAD MOTAMEDI v. MICHAEL MOORE

**Appeal from the Chancery Court for Crockett County**
**No. 10505          Michael L. Mansfield, Chancellor**

---

**No. W2023-00553-COA-R3-CV**

---

This is an appeal from an order denying a petition to set aside a tax sale of unimproved real property. The petitioner had acquired the parcel in 2017 but had failed to update his address with the property assessor and other taxing authorities and had failed to pay taxes associated with the parcel from 2017 through 2021. The taxing authorities, as plaintiffs, commenced a lawsuit to collect the delinquent taxes in 2020. Unable to locate the petitioner for lack of a current address, the taxing authorities sought permission from the trial court to notify the petitioner of the lawsuit through publication in the local newspaper, which the trial court granted. After the time for notice by publication had expired, the taxing authorities sought and were granted default judgment regarding the petitioner's property, and the taxing authorities sold the real property at a delinquent tax sale. The order confirming the tax sale was entered on April 7, 2021, but was not recorded with the local register of deeds until April 26, 2022, after the one-year statutory redemption period had passed. In July and August 2021, the petitioner contacted the taxing authorities to inquire about taxes he owed on the property and traveled to Crockett County to meet with the city and county officials and pay the delinquent taxes. For unknown reasons, the taxing authorities did not inform the petitioner that the real property had been sold at a tax sale earlier that year. The petitioner did not initiate a redemption action and did not file a petition to have the sale set aside at that time. In June 2022, after the one-year redemption period had elapsed and the statute of limitations period for setting aside the tax sale had expired, the petitioner sued to set aside the tax sale, which action the trial court denied as untimely. The petitioner has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY ARMSTRONG, JJ., joined.

James Stephen King, Memphis, Tennessee, for the appellant, Farhad Motamedi.

Justin P. Jones and D. Nathaniel Spencer, Brownsville, Tennessee, for the appellee, Michael Moore.[1]

**OPINION**

I.  Factual and Procedural Background

The petitioner, Farhad Motamedi, appeals the denial of his petition to set aside the delinquent tax sale of certain real property located in the City of Bells, Tennessee, bearing the description "Tax Map 82, Parcel 014.43" (the "Property"), by the Chancery Court for Crockett County ("trial court").  On April 24, 2020, the plaintiffs in the tax sale, "Crockett County and all Municipalities and Taxing Authorities of said County" ("the Taxing Authorities"), filed a petition for the collection of delinquent taxes against numerous defendant property owners.  Included with those defendants was Mr. Motamedi, from whom the Taxing Authorities sought payment of delinquent taxes he owed respecting the Property.[2]  In the list of defendants included with the petition and all subsequent filings in the lawsuit, Mr. Motamedi's mailing address was included as:  "8654 Dena Cove, Cordova, TN  38018."  According to Mr. Motamedi, he was not residing at that address when the petition was filed but had been living and receiving mail at 8592 Prism Cove, Cordova, Tennessee, from the time he acquired the Property in November 2017 to the present.

In October 2020, the Taxing Authorities moved the trial court for an order dispensing with personal service as to Mr. Motamedi and allowing service by publication in the *Crockett County Times* newspaper pursuant to Tennessee Rule of Civil Procedure 4.05 and Tennessee Code Annotated §§ 21-1-203, 21-1-205, and 67-5-2415.  The Taxing Authorities attached to the motion a list of defendants for whom they had been "unable to obtain personal service," and Mr. Motamedi's name was among them.  The trial court granted the motion and directed the clerk and master to publish a notice and order incorporating the names of the defendants to be served by publication, including Mr. Motamedi, "in the Crockett County Times newspaper once per week for four (4) consecutive weeks."

On December 10, 2020, after the time for service by publication had ended, the Taxing Authorities moved for default judgment against Mr. Motamedi for failure to pay the delinquent taxes associated with the Property.  Following a hearing conducted on January 11, 2021, during which Mr. Motamedi did not appear, the trial court granted the motion.  The Property was subsequently sold at a tax auction to the third-party defendant,

---

[1] The City of Bells, Tennessee and Crockett County, Tennessee, did not participate in this appeal.

[2] Mr. Motamedi's name and address were not included in the original complaint filed on April 24, 2020, but were added in an amended complaint which was filed pursuant to court order entered on September 21, 2020.

Michael Moore. The trial court entered an order confirming the sale on April 7, 2021 and the order was recorded with the Crockett County Register of Deeds on April 13, 2022.

On June 28, 2022, Mr. Motamedi filed a petition to set aside the tax sale of the Property pursuant to Tennessee Rule of Civil Procedure 60.02. Mr. Motamedi averred, *inter alia*, that he had "never received notice of any taxes due nor of any tax sale as required by T.C.A. § 67-5-2502(c)(2)." Mr. Motamedi further averred that in August 2021 he had travelled to Crockett County to determine what taxes he owed concerning the Property and had paid all of those delinquent taxes on that same day. Mr. Motamedi claimed that an employee in the Crockett County Property Tax Assessor's office had accepted his payments and "told him everything was fine." Mr. Motamedi alleged that if he had been told by the tax assessor's office "in July and August of 2021 that the Property had been sold at a tax sale, he would have timely filed a redemption action." Mr. Motamedi included in the petition an August 2, 2021 email exchange between himself and an employee of the Crockett County Property Tax Assessor wherein Mr. Motamedi learned the assessor did not have his current address. Mr. Motamedi thereupon supplied the employee with his 8592 Prism Cove address.

The trial court conducted a hearing regarding Mr. Motamedi's petition on October 5, 2022, during which Mr. Motamedi, Mr. Moore, and the Crockett County delinquent tax attorney, Randy Camp, testified. The trial court subsequently entered a fourteen-page order denying Mr. Motamedi's petition on October 17, 2022. In the order, the trial court first determined that Mr. Motamedi's petition was not an action to redeem the Property but instead constituted "an attack on sale of land" because Mr. Motamedi had filed the petition pursuant to Tennessee Rule of Civil Procedure 60.02(5), which provides a catch-all provision for relief from judgments or orders. The trial court then declined to extend the one-year statute of limitations period for bringing such an action upon determining that Mr. Motamedi had not exercised reasonable due diligence regarding the Property. Specifically, the trial court determined that Mr. Motamedi should have provided the Taxing Authorities with a current address when he first acquired the Property in 2017 and that Mr. Motamedi bore the responsibility for staying abreast of the tax responsibilities and any lawsuits related to the Property. The order confirming the tax sale having been entered on April 7, 2021, the trial court concluded that the limitations period had expired on April 7, 2022, thus barring as untimely Mr. Motamedi's June 2022 petition. Mr. Motamedi timely appealed.

## II. Issues Presented

Mr. Motamedi has raised two issues on appeal, which we have restated slightly:

1.    Whether the trial court erred in failing to extend the one-year statute of limitations period for an action seeking to set aside a tax sale of land as provided by Tennessee Code Annotated § 67-5-2504(d)(2).

2. Whether the trial court erred in finding that Mr. Motamedi was properly served with process.

### III. Standard of Review

We review a trial court's findings of fact following a bench trial *de novo* with a presumption of correctness unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Nashville Ford Tractor, Inc. v. Great Am. Ins. Co.*, 194 S.W.3d 415, 424 (Tenn. Ct. App. 2005). We review the trial court's conclusions of law *de novo* with no presumption of correctness. *Hughes v. Metro. Gov't of Nashville & Davidson Cnty.*, 340 S.W.3d 352, 360 (Tenn. 2011).

Regarding a party's request for relief from a judgment pursuant to Tennessee Rule of Civil Procedure 60.02(5), our Supreme Court has explained:

> A party seeking modification of a judgment under Rule 60.02(5) bears the burden of proving that it is entitled to relief. *See Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991). In addition, the party must offer proof of the basis on which relief is sought. *See id.* Moreover, the motion for relief must be brought within a reasonable time after the judgment was entered. *See* Tenn. R. Civ. P. 60.02(5). Relief granted pursuant to Rule 60.02(5) is a matter within the trial court's discretion, and the trial court's decision will be reversed only for abuse of that discretion. *See Toney v. Mueller Co.*, 810 S.W.2d 145, 147 (Tenn. 1991).

*Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000).

As our Supreme Court has explained concerning principles of statutory interpretation:

> When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v.*

- 4 -

*Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson*, 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that would render one section of the act repugnant to another should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga*, 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995).

*In re Estate of Tanner*, 295 S.W.3d 610, 613-14 (Tenn. 2009).

## IV. Extension of Statute of Limitations

Mr. Motamedi argues that contrary to the findings of the trial court, he exercised due diligence in discovering that he owed delinquent taxes on the Property and promptly paid those taxes when he learned of them in July and August 2021. Accordingly, Mr. Motamedi contends that the trial court should have extended the one-year statute of limitations for attacking the tax sale. Tennessee Code Annotated § 67-5-2504(d) (West July 1, 2017, to current), which governs proceedings for tax sales of property, provides:

(1)     A suit to invalidate any tax title to land shall be commenced within one (1) year from the date the cause of action accrued, which is the date of the entry of the order confirming the tax sale.

(2)     The statute of limitations to invalidate the sale of any tax title shall be one (1) year as set forth in subdivision (d)(1), except that it may be extended to one (1) year after the plaintiff discovered or with the exercise of reasonable due diligence should have discovered the existence of such cause of action.

Regarding the overall statutory scheme governing the sale of real estate for delinquent taxes, this Court has explained:

"A tax deed of conveyance or an order confirming the sale shall be an assurance of perfect title to the purchaser of such land." Tenn. Code Ann. § 67-5-2504(b) (2013) . . . . "No suit shall be commenced in any court of the state to invalidate any tax title to land until the party suing shall have paid or tendered to the clerk of the court where the suit is brought the amount of the bid and all taxes subsequently accrued, with interest and charges as provided in this part." *Id*. § 67-5-2504(c). Moreover, such suit "shall be commenced within one (1) year from the date the cause of action accrued, which is the

date of the entry of the order confirming the tax sale." *Id*. § 67-5-2504(d)(1). However, this limitations period "may be extended to one (1) year after the plaintiff discovered or with the exercise of reasonable due diligence should have discovered the existence of such cause of action." *Id*. § 67-5-2504(d)(2).

*MacCaughelty v. Sherrod*, No. M2020-00403-COA-R3-CV, 2023 WL 2924595, at *3 (Tenn. Ct. App. Apr. 13, 2023).

Here, the tax sale of the Property was conducted on March 23, 2021, and the order confirming the tax sale was entered on April 7, 2021. Thus, according to § 67-5-2504(d)(1), Mr. Motamedi had until April 7, 2022, to file suit to attack the sale of the Property. Mr. Motamedi admits that he filed his petition on June 28, 2022, outside the one-year statute of limitations for filing such a lawsuit. However, he argues that the trial court should have extended the limitations period, pursuant to § 67-5-2401(d)(2), because his actions in bringing the delinquent taxes up to date in August 2021 sufficed to meet the due diligence requirement for extending the limitations period. Mr. Motamedi contends that the various Taxing Authorities he met with from both the city and county in August 2021 should have informed him then that the Property had already been sold to Mr. Moore at the tax sale in April 2021 but that they failed to do so.

In its order denying Mr. Motamedi's petition to set aside the tax sale, the trial court first determined that because Mr. Motamedi filed his petition pursuant to Tennessee Rule of Civil Procedure 60, the petition constituted "an attack on sale of land pursuant to § 67-5-2504 and [was] not a request to redeem the property at issue." After so determining, the trial court addressed Mr. Motamedi's request to extend the statute of limitations period:

> Specifically, the Court finds that [Mr. Motamedi] failed to provide the taxing authorities with his proper mailing address after November 29, 2017 until August 2, 2021, during which time [he] claims that he was not living at the Dena Cove address in Cordova, but was living at the Prism Cove address in Cordova. Under the statute, it was [Mr. Motamedi's] statutory obligation to advise the taxing authorities of any such change in address. In addition, [Mr. Motamedi] testified that his son lived at the Dena Cove address in Cordova until approximately two years ago, or approximately October 2020. The Court finds it unreasonable to believe that [Mr. Motamedi's] son would not have forwarded [his] mail address[ed] to him at the Dena Cove address between November 29, 2017 and October 2020, during which time the taxing authorities in this case were sending notices to [Mr. Motamedi's] Dena Cove address. This is especially true since [Mr. Motamedi] continued to use checks with his Dena Cove address as of August 2022 to conduct business, such as the payment of property taxes.

\* \* \*

In addition, [Mr. Motamedi] was under an affirmative duty to investigate and pay the property taxes due on the [Property] beginning November 29, 2017, but, according to his own testimony, only inquired with the City of Bells as to how his tax notices would be sent soon after the [Property] was divided on November 29, 2017.  [Mr. Motamedi] did not advise the City of Bells of his Prism Cove address at that time.  Likewise, [Mr. Motamedi] did not inquire with either the City of Bells or Crockett County regarding his obligation to pay taxes on the [Property] for the tax years 2017, 2018, 2019, 2020, or 2021.  [Mr. Motamedi] did not inquire as to his liability for such taxes until approximately August 2, 2021.  Given this, the Court finds that [Mr. Motamedi] did not use reasonable diligence to determine whether a lawsuit had been filed against him to collect delinquent taxes on the [Property], and thus declines to extend the statute of limitations contained in Tenn. Code Ann. § 67-5-2504(d)(2).  For the same reasons, the Court declines to relieve [Mr. Motamedi] from the effect of the order confirming tax sale entered in this case pursuant to Rule 60.02(5), as Tenn. Code Ann. § 67-5-2504(h) provides that whenever a motion is filed pursuant [to] Rule 60.02 of the Tennessee Rules of Civil Procedure in [order] to challenge the validity of a tax sale, that motion shall be considered an action to invalidate the sale of a tax title.

Mr. Motamedi argues that the trial court "misanalysed the reasonable diligence requirement" in § 67-5-2504(d)(2) by focusing on his failure to provide the Taxing Authorities with his current address.  He contends that although his failure to provide an updated address might have been relevant regarding "non-receipt of tax bills" or efforts to serve him with process, the trial court's determination that he did not exercise reasonable due diligence was error because the trial court "totally ignore[d]" the events happening "after" the tax sale, specifically his payment of taxes owed on the Property in August 2021.

Mr. Motamedi posits that his belief that his tax obligations had been satisfied was even further cemented in November 2021 when both the City of Bells and Crockett County sent him notices of taxes owed on the Property, which  he "promptly paid," and when the Crockett County Assessor's Office sent him a "2022 Assessment Change Notice" for the Property informing him that the Property's appraised value had increased.  Mr. Motamedi asserts that these actions by the Taxing Authorities "lulled" him into believing that everything was fine regarding his ownership of the Property and ran contrary to any indication that a tax sale had already taken place in April 2021.  Mr. Motamedi avers that had he known about the tax sale, he would have filed an action during the one-year redemption period, *see* Tenn. Code Ann. § 67-5-2701(a)(1)(A) (West April 18, 2019, to current), thus negating any need to file suit to attack the tax sale pursuant to § 67-5-2504(d).

We do not agree with Mr. Motamedi that the trial court misanalyzed the reasonable due diligence requirement set forth in § 67-5-2504(d)(2). In deciding not to extend the limitations period, the trial court undertook a thorough analysis of the statutory provisions regarding Mr. Motamedi's affirmative duty, as owner of the Property, to pay real property taxes and to remain informed of any proceeding to enforce tax liens against the Property, as follows:

> Under Tenn. Code Ann. § 67-5-2103, "the whole proceeding for the enforcement of property tax liens, coming from the assessment to sale for delinquency, shall be a proceeding in rem." Subsection (b) of that statute states that "all interested persons shall be deemed to have constructive notice of the proceedings by virtue of the seizure of the parcel occurring upon the filing of a complaint for the purpose of enforcement of the first lien."
>
> * * *
>
> Significantly, Tenn. Code Ann. § 67-5-2103(j) states that "all interested persons . . . are charged with the knowledge that the Parcel is subject to property taxes, which are required to be paid to the trustee or collector on an annual basis, and which taxes become a first lien on the parcel from January 1st of each year. All interested persons have an affirmative duty to inquire as to the amounts of such taxes and their payments status. Under no circumstances shall a claim that the interested party did not receive a tax bill or any pre-lawsuit notice constitute a valid defense to the enforcement of the lien . . . ." Likewise, Tenn. Code Ann. § 67-5-2502(b) provides that "it is the responsibility of the property owner to register the property owner's name and address with the assessor of property of the county in which the land lies."

The trial court reviewed the respective statutory framework to determine that the proceeding to collect the delinquent taxes owed on the Property initiated by the Taxing Authorities was a proceeding *in rem*. *See* Tenn. Code Ann. § 67-5-2103 (West May 8, 2015, to current). As such, the taxes Mr. Motamedi owed on the Property became a "first lien" upon the Property "from January 1" for each year they were assessed. *See* Tenn. Code Ann. § 67-5-2101(a) (West May 8, 2015, to current). When those taxes became delinquent, the Taxing Authorities were entitled to file a lawsuit for their collection. *See* Tenn. Code Ann. § 67-5-2101(b). Thus, Mr. Motamedi had constructive notice of the proceeding when the complaint for delinquent taxes was filed on April 24, 2020. *See* Tenn. Code Ann. § 67-5-2103(a), (b); *State v. Benner*, 187 S.W.2d 609, 610 (Tenn. 1940) ("[T]ax suits are considered actions *in rem*, and it is usually held that all persons having an interest in the property are deemed to have constructive notice of the claim for taxes.").

The trial court then concluded that based upon this statutory framework, Mr. Motamedi, and not the Taxing Authorities, bore the responsibility for determining the amount of taxes he owed on the Property and whether any proceedings for enforcement of the tax lien had commenced. Upon thorough review, we find the trial court's analysis to be sound and properly supported by the language of the statute. We also discern no reason to overturn the trial court's determination that Mr. Motamedi had constructive notice of the tax lien lawsuit "by virtue of the seizure of the parcel occurring upon the filing of a complaint[.]" *See* Tenn. Code Ann. § 67-5-2103. Mr. Motamedi's efforts in August 2021 to pay the delinquent taxes owed on the Property, however well-intentioned, do not excuse him from constructive knowledge of the proceedings initiated in April 2020 to collect those taxes.

Moreover, the trial court further determined that Mr. Motamedi bore an affirmative duty to register his "name and address with the assessor of property of the county in which [the Property] lies." *See* Tenn. Code Ann. § 67-5-2502(b) (West April 18, 2019, to current). Mr. Motamedi admits that he did not supply this information to the tax assessor until August 2021, several months after the tax sale had already occurred. Mr. Motamedi's payment of taxes owed on the Property after the tax sale notwithstanding, we agree with the trial court's determination that

> the statute of limitations with regard to an attack on sale of land pursuant to Tenn. Code Ann. § 67-5-2504 ran in this case as of April 7, 2022, and that such statute of limitations should not be extended pursuant to Tenn. Code Ann. § 67-5-2504(d)(2), as [Mr. Motamedi] did not exercise reasonable due diligence in discovering the existence of such a cause of action, if any.

Mr. Motamedi blames his failure to inquire regarding the tax sale of the Property in part on the fact that the order confirming the sale was not recorded with the Crockett County Register of Deeds "immediately after the order was entered[.]" Mr. Motamedi points to Mr. Camp's testimony during the petition hearing in support of this argument, noting that it was "[Mr. Camp's] understanding that the order confirming the sale should have been recorded immediately" with the register of deeds.

It is undisputed that the order confirming the tax sale of the Property was not recorded until April 2022, after the redemption period had ended and after the one-year statute of limitations period had elapsed. However, Mr. Motamedi provides no authority, and we have found none, instructing that an order confirming a tax sale must be recorded with a register of deeds immediately upon entry to provide proper notice of a tax sale to a property owner. Rather, this Court has repeatedly held that a tax sale purchaser is assured title and the redemption period begins upon entry of the order with the trial court. *See, e.g., Delinquent. Taxpayers as Shown on 2011 Real Prop. Tax Recs. of Metro. Gov't of Nashville & Davidson Cnty. v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2015-02450-COA-R3-CV, 2018 WL 3530842, at *4 (Tenn. Ct. App. July 23, 2018) (citing Tenn.

Code Ann. § 67-5-2702 as providing that a taxpayer may redeem property "within one (1) year from the date of entry of the order of confirmation of sale, as evidenced by the records in the office of the clerk of the court responsible for the sale."); *Vanderbilt Mortg. & Fin., Inc. v. Vandergriff*, No. E2015-01121-COA-R3-CV, 2016 WL 3453938, at *6 (Tenn. Ct. App. June 17, 2016) (citing Tenn. Code Ann. § 67-5-2504(b) as providing that "[a] tax deed of conveyance or an order confirming the sale shall be an assurance of perfect title to the purchase of land.").

Moreover, the statutes governing the timeframe for both the redemption and statute of limitations periods base that timing on <u>entry</u> of the order confirming sale, not its recordation with a register of deeds. Regarding the redemption period, Tennessee Code Annotated § 67-5-2701(a)(1)(A) provides:

> Upon <u>entry of an order</u> confirming a sale of a parcel, a right to redeem shall vest in all interested persons. The right to redeem shall be exercised within the time period established by this subsection (a) <u>beginning on the date of the entry of the order confirming the sale</u>, but in no event shall the right to redeem be exercised more than one (1) year from that date. The redemption period of each parcel shall be determined by the court prior to the tax sale of the parcel and may also be stated in the order confirming the sale.

(Emphasis added.) Regarding the one-year statute of limitations period, Tennessee Code Annotated § 67-5-2504(d)(1) provides:

> A suit to invalidate any tax title to land shall be commenced within one (1) year from the date the cause of action accrued, <u>which is the date of the entry of the order confirming the tax sale.</u>

(Emphasis added.) Accordingly, we find Mr. Motamedi's argument that he did not receive proper notice of the tax sale because the order confirming that sale was not recorded until April 2022 to be unavailing. For the above-stated reasons, we decline to overturn the trial court's decision not to extend the statute of limitations period pursuant to Tennessee Code Annotated § 67-5-2504(d)(2).

## V. Service of Process

Mr. Motamedi contends that because the record does not contain proof that the summons was returned undeliverable as to him, the Taxing Authorities' service upon him by publication in the local newspaper was ineffective to grant the trial court jurisdiction over him. Mr. Motamedi asserts that the order confirming the tax sale is therefore "void and ineffective to transfer title," and the statute of limitations period for contesting the

transfer of title prescribed by Tennessee Code Annotated § 67-5-2504(d) inapplicable to him.

>    With reference to the notice requirements for tax sales of property, Tennessee Code Annotated § 67-5-2502 provides generally:

>> Notice to parties or others in delinquent tax suits and sales shall be governed by the Tennessee Rules of Civil Procedure, except as modified in this chapter or as they may be inconsistent with the statutory scheme for the collection of delinquent property taxes set out in this chapter[.]

>> * * *

>> [I]t is the responsibility of the property owner to register the property owner's name and address with the assessor of property of the county in which the land lies.

Significantly, § 67-5-2502 is entitled, "Notice," and in its entirety pertains to the proper methods for providing notice of tax lien suits to property owners. We therefore interpret its express provision that it is the "responsibility of the property owner" to register his or her name and address with the property assessor as placing an affirmative duty on the property owner to facilitate notice by providing a current address where the owner can be reached. As stated above, Mr. Motamedi does not dispute that he failed to update his address with any taxing authority for the Property until approximately August 2021. The trial court was therefore correct when it cited this provision in its order determining that Mr. Motamedi had an "affirmative duty" to provide current contact information to the taxing authorities and that Mr. Motamedi had not fulfilled that duty.

>    Mr. Motamedi further asserts that because the record contains no evidence that service of a summons regarding the tax sale was returned undelivered as to him, such service was "ineffective to grant the [trial court] jurisdiction over [him]." Mr. Motamedi argues this was in violation of Tennessee Rule of Civil Procedure 4.03(2), which provides that when process is served by mail, "the original summons[;] an affidavit of the person making service setting forth the person's compliance with the requirements of [Rule 4]; and, the return receipt shall be sent to and filed by the clerk." However, Mr. Motamedi's assertion ignores the fact that Rule 4.03 only applies in the context of a delinquent tax sale to the extent that it is not "inconsistent with the statutory scheme for the collection of delinquent property taxes set out in [Chapter 5 – governing property taxes]." *See* Tenn. Code Ann. § 67-5-2502(a)(3).

>    As to Mr. Motamedi's postulate that the trial court did not maintain jurisdiction to award personal judgment against him due to insufficient notice, Tennessee Code Annotated

§ 67-5-2415(a) (West July 1, 2017, to current) governs the lawful methods for providing notice to property owners in tax lien suits as they relate to a trial court's jurisdiction. The statute provides:

> The court shall have jurisdiction to award personal judgment against an owner upon the claim for the debt upon determining that proper process has been served upon such owner. The court shall have jurisdiction to award a judgment enforcing the [tax] lien by a sale of the parcel upon determining that any [of] the following actions have occurred as to each owner:
>
> * * *
>
> (3)     That constructive notice by publication pursuant to §§ 21-1-203 [providing that personal service can be dispensed with if a defendant's residence "is unknown and cannot be ascertained upon diligent inquiry"] and 21-1-204 [outlining the process for service by publication] . . . has been given to . . . unfound . . . owners[.]

Tenn. Code Ann. § 67-5-2415(a). Tennessee Code Annotated § 67-5-2502(c) defines "diligent effort to give actual notice of the proceedings" as follows:

> (1)(A) [A] reasonable effort to give notice which is reasonably calculated, under all the circumstances and conditions, to apprise interested persons of the pendency of the proceedings in time to afford them an opportunity to prevent the loss of their interest in the parcel. . . . <u>Such effort does not, however, require that an interested person receive actual notice</u>. Nor does it require the plaintiff to search records or sources of information in addition to that information available in the specific offices listed in subdivision (c)(2);
>
> * * *
>
> (2)     The delinquent tax attorney shall make a reasonable search of the public records in the offices of the assessor of property, trustee, the register of deeds, and the local office where wills are recorded, seeking to identify and locate all interested persons as to each parcel listed on the county and municipal delinquent tax lists filed in the cause.

(Emphasis added.)

- 12 -

Applying these provisions to the instant case, Mr. Camp was not required to search further than the offices of the Taxing Authorities for Mr. Motamedi's contact information, *see* Tenn. Code Ann. § 67-5-2502(c)(2), and Mr. Motamedi readily admits that these offices did not possess his current address prior to August 2021. After searching for Mr. Motamedi and failing to locate his current address, Mr. Camp filed a motion to dispense with personal service as to Mr. Motamedi, which motion included an affidavit outlining the efforts that Mr. Camp had undertaken to notify Mr. Motamedi and the others of the action. According to Mr. Camp's affidavit, these efforts included "[f]or summons unserved by certified mail, researching the county public records for changes in ownership or address including but not limited to the offices of the Trustee, Property Assessor, Clerk & Master and County Clerk and issuance of a new summons if information [was] discovered warranting such[.]" The trial court determined that this search of records described in Mr. Camp's affidavit satisfied the "diligent efforts to give actual notice" requirements found in § 67-5-2502(c). Accordingly, the trial court granted the motion to dispense with personal service on October 2, 2020. The trial court then ordered Mr. Camp to notify the taxpayers of the tax lien suit by publication in the *Crockett County Times* newspaper "once per week for four (4) consecutive weeks." Mr. Motamedi has never questioned the validity of the trial court's order dispensing with personal service, nor has he posited that the constructive notice by publication was executed improperly.

Upon thorough review, we decline to overturn the trial court's decision to dispense with personal service as to Mr. Motamedi, *see* Tenn. Code Ann. § 21-1-103, and further determine that service by publication upon Mr. Motamedi was proper and conducted according to statutory mandate, *see* Tenn. Code Ann. § 21-1-204. Because Mr. Motamedi was properly afforded constructive notice of the tax lien lawsuit related to the Property, we determine that the trial court possessed jurisdiction over the tax lien action and properly entered the order confirming tax sale of the Property on April 7, 2021. For these reasons, we find Mr. Motamedi's arguments regarding insufficient service of process to be unavailing.

VI. Conclusion

For the foregoing reasons, we affirm the trial court's October 17, 2022 order denying Mr. Motamedi's petition to set aside the delinquent tax sale of the Property. We remand this matter to the trial court for enforcement of the judgment and collection of costs assessed below. Costs on appeal are assessed to the appellant, Farhad Motamedi.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE